# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TUSHBABY, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE CORPORATIONS, LIMITED LIABILITY COMPANIES, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | Case No.: 24-cv-21136-JB |

**PLAINTIFF'S REPLY TO DEFENDANT FLEEROSE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, TushBaby, Inc. ("TushBaby"), by undersigned counsel, hereby files its response to Defendant Fleerose's response in opposition to Plaintiff's Motion for Preliminary Injunction ("Opposition") (Dkt. 39).

## ARGUMENT

Defendant Fleerose makes circular arguments that, if accepted as true, would invalidate its new patent, US D1,024,542 S ("Fleerose Design Patent"), and undermine its arguments against the TushBaby Trade Dress.[1] By Fleerose's own admission, Fleerose's products infringe and are substantially the same as the TushBaby Trade Dress. *See* Opp. at 10 ("Plaintiff's trade dress, firstly, if any, was infringed by Fleerose."); *id.* at 4. Based on this admission, TushBaby is more than likely to succeed on its trade dress claim and the Fleerose Design Patent is invalid because it was

---

[1] The parties argued the likelihood of success as to TushBaby's copyright claim at the April 30, 2024 preliminary injunction hearing. Because those arguments have already been addressed, TushBaby focuses only on the design patent issue relating to TushBaby's Trade Dress claim and rests on its arguments made at the April 30, 2024 hearing and in its prior briefing.

anticipated by prior art—the TushBaby product, which encompasses the TushBaby Tradedress.

I.  **Fleerose Essentially Admits that TushBaby Succeeds on Its False Designation of Origin/Trade Dress Claim**

The TushBaby products have been in the market since 2018. Declaration of Tammy Rant (Dkt. 9-1) ¶¶ 6–7. Fleerose argues that, as of April 30, 2024, "***the infringer of the intellectual property of the hip seat is Plaintiff***, not vice versa" based on the Fleerose Design Patent issued on April 30, 2024. Opp. at 4 (emphasis added). *See also id.* at 10 ("Plaintiff's trade dress, firstly, if any, was infringed by Fleerose.").[2] Accepting these arguments as true, Fleerose admits that Fleerose's products, which are covered by the Fleerose Design Patent, are substantially the same as the TushBaby Trade Dress and are likely to deceive consumers. This is fatal to Fleerose's arguments that the TushBaby Trade Dress is functional and that there is no likely confusion between the two products.

*First*, if the Fleerose Design Patent is not invalid for being primarily functional, then the TushBaby Trade Dress cannot be primarily functional as well. As previously argued at the April 30, 2024 hearing and in briefing, the TushBaby Trade Dress is primarily nonfunctional because the shape of the rounded TushBaby pouch, centered logo, and configuration of the pockets and materials, including the mesh, are arbitrary and unnecessary and could be changed without changing functionality. The Fleerose Design Patent covers a "design for a hip seat baby carrier, as shown and described" (Dkt. 44-1 at 2), and includes drawings of a rounded pouch, a strap that wraps around the waist, and pockets (*id.* at 5):

---

[2] 35 U.S.C. § 173 ("Patents for designs shall be granted for the term of 15 years *from the date of grant*.") (emphasis added).



But if the Fleerose Design Patent is primarily functional, as it argues the TushBaby Trade Dress is, then the patent is invalid. 35 U.S.C. § 171(a) (only "new, original and ornamental design[s]" are protectable under the design patent provision); *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293–94 (Fed. Cir. 2010) (scope of a design patent is limited to the "ornamental aspects . . . alone" and "does not extend to any functional elements of the claimed article"). Fleerose cannot have it both ways. It cannot claim the TushBaby Trade Dress is primarily functional, but then claim the Fleerose Design Patent, which it argues covers the same design elements as the TushBaby Trade Dress, is primarily nonfunctional. Assuming that the Fleerose Design Patent is valid (it is not based on other grounds), that means the TushBaby Trade Dress is also primarily nonfunctional. Even if the Fleerose Design Patent were valid, there is an entitlement issue, as TushBaby would be the rightful owner to the design, given that its product was on the market first.

*Second*, Fleerose admits Fleerose products are substantially the same as TushBaby Products and are likely to deceive consumers. A design patent is infringed "'[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs ***are substantially the same***, if the resemblance is such as ***to deceive such an observer***, inducing him to purchase one supposing it to be the other.'" *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (emphasis added). Fleerose cannot credibly argue that the second prong of trade dress

3

infringement—that the "the product design of the two products is confusingly similar," *Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, No. 8:15-CV-990-T-23TGW, 2015 WL 6736792, at *1 (M.D. Fla. Nov. 4, 2015)—has not been met. By taking the position that the TushBaby Products infringed on the Fleerose Design Patent beginning on April 30, 2024, Fleerose concedes that the Fleerose products are confusingly similar to the TushBaby Trade Dress, including before it was granted the Fleerose Design Patent.

## II. The Fleerose Patent Is Invalid as Anticipated by Prior Art

Fleerose's circular argument—that TushBaby began to infringe the Fleerose Design Patent on April 30, 2024 (Opp. at 4, 10)—further establishes that the Fleerose Design Patent is invalid under 35 U.S.C. § 102, as the Fleerose design was anticipated based on prior art (the TushBaby products launched in 2018).

Under Section 102, "[a] person shall be entitled to a patent unless the claimed invention was . . . in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention." 35 U.S.C. § 102. A design patent is anticipated "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same*." Samsung Elec. Co., Ltd. v. Apple Inc.*, 137 S. Ct. 429, 432 (2016).

As explained above, by Fleerose's own admission, the TushBaby design and the Fleerose Design Patent "are substantially the same." The Fleerose Design Patent application was filed on September 3, 2023 and was granted on April 30, 2024. *See* Dkt. 44-1. The TushBaby products were "in public use, on sale, or otherwise available to the public" (*see* 35 U.S.C. § 102) since at least 2018, years before the Fleerose Design Patent application was even filed. *See* Declaration of Tammy Rant (Dkt. 9-1) ¶¶ 6–7 ("TUSHBABY's premier product is the TUSHBABY Hip Seat Carrier ('the TUSHBABY Carrier'), launched in 2018, which bears unique and distinctive trade

4

dress which consists of the overall design and configuration of the product . . . . Since at least 2018 the TUSHBABY Products have been the subject of substantial and continuous marketing and promotion, including by way of the TUSHBABY Trade Dress"). As a result, the Fleerose Design Patent is invalid as anticipated by prior art and cannot protect Fleerose from its admitted infringement of the Tushbaby Trade Dress. *See Shenzhen Hengzechen Tech. Co. v. Individuals et al.*, No. 23-23380-CIV, 2023 WL 9022717, at *2 (S.D. Fla. Dec. 29, 2023) (assessing the validity of a patent at the preliminary injunction stage).

## CONCLUSION

The Court should grant TushBaby's Motion for a Preliminary Injunction.

Dated:   May 1, 2024                             Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

*/s/ Rossana Baeza*
Rossana Baeza (FL Bar No. 1007668)
Marshall Dore Louis (FL Bar No. 512680)
100 SE 2nd Street, Suite 2800
Miami, FL 33131
 (305) 539-8400
rbaeza@bsfllp.com
mlouis@bsfllp.com

***Attorneys for Plaintiff Tushbaby Inc.***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of May, 2024, I caused a true and correct copy of the foregoing to be served on all counsel of record by ECF. The foregoing will also be served on non-appearing Defendants as authorized by the Court.

*/s/ Rossana Baeza*