UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:24-cv-21136-JB

**TUSHBABY, INC.**,

Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"**

Defendants.

_____/

## MOTION TO DISMISS

Defendant, Fleerose ("Defendant"), by and through its counsel undersigned, hereby requests that this Court strike the Amended Complaint as shotgun pleading and states as follows:

### I. LEGAL STANDARD

"A typical shotgun pleading contains multiple counts and incorporates by reference all antecedent allegations into each count. *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)." *Karwel v. City of Palm Bay*, Case No: 6:15-cv-597-Orl-37KRS, at *3 (M.D. Fla. Apr. 20, 2015).

"Because of the profound ambiguities they create, shotgun pleadings are "in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of the Civil Procedure." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (quoting Fed. R. Cir. P. 8(a)(2))." *Id.*, at *3.

"In light of these concerns, the Eleventh Circuit has repeatedly made clear that, when faced with a shotgun pleading, the district court should, *sua sponte*, strike the plaintiff's complaint and instruct the plaintiff to replead. *E.g., Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008); *Anderson*, 77 F.3d at 366." *Id.*, at *3.

## II. MEMORANDUM OF LAWS AND ARGUMENTS

Plaintiff in its Amended Complaint [DE 76] ("Complaint" hereafter), incorporated all the allegations of Count I in Count II, incorporated all the allegations of Count I and II in Count III, so on and so forth for all the remaining counts. *See* the Complaint, ECF No. 76, p. 13-15, Count I-IV. "A typical shotgun pleading contains multiple counts and incorporates by reference all antecedent allegations into each count. *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). Thus, Plaintiff's Complaint is a shotgun pleading.

"In light of these concerns, the Eleventh Circuit has repeatedly made clear that, when faced with a shotgun pleading, the district court should, *sua sponte*, strike the plaintiff's complaint and instruct the plaintiff to replead. *E.g., Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014).

Therefore, Plaintiff's Complaint shall be stricken.

**WHEREFORE**, Defendant, Fleerose, by and through its counsel undersigned, hereby requests that this Court strike the Amended Complaint [DE 76] as a shotgun pleading.

Respectfully submitted on April 29, 2024.

/s/ Jianyin Liu

FBN: 1007675  
Jianyin Liu, Esq. Attorney  
The Law Offices of James Liu, LLC  
15750 SW 92nd Ave Unit 20C  
Palmetto Bay, FL 33157  
Ph: (305) 209 6188  
Email: jamesliulaw@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was sent to all parties via CM/ECF on this Aug. 25, 2024.

/s/ Jianyin Liu