UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
FLORIDA

CASE NO. 1:24-cv-21136-LEIBOWITZ/TORRES

**TUSHBABY, INC.**,

    Plaintiff,

v.

**FLEEROSE, a Foreign Corporation**,

    Defendant.

_____/

## MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendant FLEEROSE ("Defendant"), hereby requests that this Court dismiss Count Four - Florida Deceptive and Unfair Trade Practices Act (FDUPA) in the Second Amended Complaint [DE 84] and states as follows:

### I. LEGAL STANDARD

In *Pegasus Imaging Corporation v. Northrop Grumman Corp.*, No. 8:07-CV-1937-T-27EAJ, at *7-8 (M.D. Fla. Nov. 24, 2008), the court explained:

> The Copyright Act preempts state law causes of action for violations of rights either found in the Act or equivalent to rights found in the Act. *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001) (citing 17 U.S.C. § 301(a)). The Court "must decide whether the rights at issue fall within the 'subject matter of copyright' set forth in sections 102 and 103 and whether the rights at issue are 'equivalent to' the exclusive rights of section 106." *Crow v. Wainwright*, 720 F.2d 1224, 1225-26 (11th Cir. 1983) "The result . . . is that the Act 'preempts only those state law rights that may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided by federal copyright law.'" *Id.* (quoting *Comp. Assoc. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992)). To determine whether a state law claim is preempted, the Eleventh Circuit employs the "extra element" test, which asks whether "an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display." *Id.* If an extra element exists, then the state law claim is not preempted. *Id.*; *see*

*also Bateman*, 79 F.3d at 1549 ("[A] state law claim is not preempted if the 'extra element' changes the nature of the action so that it is *qualitatively* different from a copyright infringement claim.") (citations omitted).

*Pegasus Imaging Corporation v. Northrop Grumman Corp.*, No. 8:07-CV-1937-T-27EAJ, at *7-8 (M.D. Fla. Nov. 24, 2008).

## II. MEMORANDUM OF LAWS AND ARGUMENT

A.  COUNT FOUR -FDUTPA SHALL BE DISMISSED WITH PREJUDICE.

Plaintiff pleaded that "Defendant's unlawful, unauthorized, and unlicensed use of Plaintiff's trade dress and copyrights on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, selling, and/or otherwise dealing in Infringing Products was and is a willful and deliberate attempt to deceive, and actually has deceived, consumers and the public." *See* the Am. Compl., ECF No 84, p. 15-16, ¶ 60. Plaintiff continued to plead, "[a]s such, Defendant's actions as alleged herein constitute deceptive acts and unfair practices in the conduct of trade or commerce as defined and in violation of Florida's Deceptive and Unfair Trade Practices Act ('FDUTPA')." *Id.*, ¶ 61.

In *Pegasus Imaging Corporation v. Northrop Grumman Corp.*, No. 8:07-CV-1937-T-27EAJ, at *7-8 (M.D. Fla. Nov. 24, 2008), the court explained:

> The Copyright Act preempts state law causes of action for violations of rights either found in the Act or equivalent to rights found in the Act. *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001) (citing 17 U.S.C. § 301(a)). The Court "must decide whether the rights at issue fall within the 'subject matter of copyright' set forth in sections 102 and 103 and whether the rights at issue are 'equivalent to' the exclusive rights of section 106." *Crow v. Wainwright*, 720 F.2d 1224, 1225-26 (11th Cir. 1983) "The result . . . is that the Act 'preempts only those state law rights that may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided by federal copyright law.'" *Id.* (quoting *Comp. Assoc. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992)). To determine whether a state law claim is preempted, the Eleventh Circuit

employs the "extra element" test, which asks whether "an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display." *Id.* If an extra element exists, then the state law claim is not preempted. *Id.*; *see also Bateman*, 79 F.3d at 1549 ("[A] state law claim is not preempted if the 'extra element' changes the nature of the action so that it is *qualitatively* different from a copyright infringement claim.") (citations omitted).

*Pegasus Imaging Corporation v. Northrop Grumman Corp.*, No. 8:07-CV-1937-T-27EAJ, at *7-8 (M.D. Fla. Nov. 24, 2008).

Plaintiff's claim of FDUTPA does not add any element to the infringement of the alleged copyright, hence failed to qualitatively differ from the copyright infringement claim.

In addition, similar to the standing issue in *Donald Frederick Evans v. Continental Homes*, 785 F.2d 897, 915 (11th Cir. 1986), where "Evans' failure to specify the basis of his Florida statutory claim is the major stumbling block," and "Evans apparently did not even clarify the basis of his standing to bring suit as a consumer under the statute." *Donald Frederick Evans v. Continental Homes*, 785 F.2d 897, 915 (11th Cir. 1986), Plaintiff is the competitor of Defendant, and did not plead its standing as consumer to bring this cause of action to this Court, thus, it lacks standing in bringing the FDUTPA to this Court.

Thus, the Count Four FDUTPA of the Amended Complaint [DE 84], shall be dismissed with prejudice.

### B. COUNT FIVE - UNFAIR COMPETITION SHALL BE DISMISSED WITH PREJUDICE.

Similarly, Plaintiff brought Count Five under Florida common law, instead of under federal statute. *See* the Am. Compl., p. 16-17, Count Five - Florida Common Law Unfair Competition.

In *Donald Frederick Evans v. Continental Homes*, 785 F.2d 897, 914 (11th Cir. 1986), the court said:

> We agree that in order for Evans to prevail on its unfair competition claim under Florida common law, in this case, it must prove elements other than those mandated in an action under the Copyright Act. Florida law requires that Evans establish deceptive or fraudulent conduct of a competitor and likelihood of customer confusion. *Stagg Shop of Miami, Inc. v. Moss,* 120 So.2d 39 (Fla. 2d Dist.Ct.App. 1960); *Professional Golfers Ass'n v. Banks Life Casualty Co.,* 514 F.2d 665, 671 (5th Cir. 1975) ("[L]ikelihood of consumer confusion and passing off one's goods or services as those of another constitute the gravamen of the action" under Florida case law.). Rather than going to the question of copying in the manufacture of a product, "[u]nfair competition goes to the question of marketing." *B.H. Bunn Co. v. AAA Replacement Parts Co.,* 451 F.2d 1254, 1263 (5th Cir. 1971).

*Donald Frederick Evans v. Continental Homes*, 785 F.2d 897, 914 (11th Cir. 1986).

Here in Count Five, Plaintiff similarly repeated the allegations with the same elements of FDUTPA and copyright infringement. Thus, Count Five shall be dismissed with prejudice.

Respectfully submitted on Sept. 15, 2024.

/s/ Jianyin Liu

FBN: 1007675
Jianyin Liu, Esq.
The Law Offices of James Liu, LLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188
Email: jamesliulaw@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was sent via CM/ECF on Sept. 15, 2024.

/s/ Jianyin Liu