UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-21136-LEIBOWITZ/TORRES

TUSHBABY, INC.,

    Plaintiff,

 v.

 FLEEROSE, a Foreign Corporation,

    Defendant.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT FLEEROSE'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Plaintiff Tushbaby, Inc. ("Plaintiff") hereby requests that this Court deny Defendant Fleerose's ("Defendant") partial motion to dismiss Counts IV and V in the Second Amended Complaint [ECF No. 84] (the "SAC") and states as follows:

### I. INTRODUCTION

Defendant's partial motion to dismiss [ECF No. 89] (the "Motion") is a distraction from its blatant infringement of Plaintiff's intellectual property rights. In it, Defendant attempts to narrow the scope of the SAC by arguing that the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and unfair competition claims should be dismissed because they are preempted by the Copyright Act, and argues that the FDUTPA claim should be dismissed on the additional basis that Plaintiff purportedly lacks standing. Defendant's arguments are patently meritless.

As to Defendant's preemption arguments, Defendant cites no caselaw in support of its position. To the contrary, the sole authority Defendant cites explains that FDUTPA and unfair competition claims are *not* preempted where they require the extra element of showing that a defendant's conduct creates a likelihood of confusion, which is precisely the case here. Both cases

1

cited by Defendant expressly *denied* a preemption challenge, just as this Court should do. Separately, Defendant's standing challenge to the FDUTPA is based upon a reading of the FDUTPA that no longer exists. The statutory language on which Defendant's Motion relies was replaced over twenty years ago.

At bottom, Defendant does not and cannot set forth any basis for why Plaintiff's claims should not be heard on the merits. Defendant's Motion should be denied.

## II. STATEMENT OF RELEVANT ALLEGATIONS

Plaintiff is a leading manufacturer and distributor of infant carriers and has earned a reputation for quality, reliability, and value with respect to its products. *See* SAC, ¶ 14. Plaintiff's flagship product, the TUSHBABY Hip Seat Baby Carrier, bears unique and distinctive trade dress, which has been registered with the U.S. Patent and Trademark Office ("TUSHBABY Trade Dress").[1] *See* SAC, ¶ 2, Ex. 2. Plaintiff is also the owner of various copyrights in and to expressive content related to the TUSHBABY Hip Seat Baby Carrier, which has been registered with the U.S. Copyright Office.[2] *See* SAC, ¶¶ 1, 15, Ex. 1. The success of Plaintiff's product has resulted in significant infringement of Plaintiff's corresponding intellectual property rights.

Since at least 2023, if not earlier, Defendant has been selling, offering for sale, marketing, distributing, and advertising unauthorized products which utilize the TUSHBABY Trade Dress wholesale in order to trade upon Plaintiff's goodwill and reputation (the "Infringing Products"). *See* SAC, ¶¶ 23, 33. Defendant has additionally directly copied Plaintiff's copyrighted imagery for the TUSHBABY products and the protectable expression therein (the "TUSHBABY Copyrights"),

---

[1] The TUSHBABY Trade Dress is covered by U.S. Patent and Trademark Office Registration No. 7,489,071.
[2] Plaintiff's copyrighted imagery is covered at least by U.S. Copyright Office Registration Nos. VA 2-360-714, VA 2-360-713, VAu 1-511-372, and VA 2-395-564.

thereby free-riding off of Plaintiff's marketing content, and further creating a false and misleading affiliation between the parties' respective products. *See* SAC, ¶ 33.

The above-referenced exploitations of the TUSHBABY Copyrights without authorization violate Plaintiff's exclusive rights under copyright, 17 U.S.C. § 106, comprising the basis for Plaintiff's first cause of action. SAC, ¶¶ 30-43. The above-referenced exploitations of the TUSHBABY Trade Dress in order to confuse, mislead, and deceive consumers and trade upon Plaintiff's goodwill and reputation, violate Plaintiff's rights under the Lanham Act, including 15 U.S.C. §§ 1114 and 1125, comprising the basis for Plaintiff's second and third causes of action. SAC, ¶¶ 43-50, 52-58. This same alleged deceptive conduct, wherein Defendant has improperly utilized Plaintiff's intellectual property in order to confuse, mislead, and deceive consumers and trade upon Plaintiff's goodwill and reputation, violates the FDUTPA and Florida common law unfair competition, comprising the basis for Plaintiff's fourth and fifth causes of action. SAC, ¶¶ 60-63, 65-70.

### III. LEGAL STANDARD

Under Rule 8(a)(2), pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This is satisfied where the complaint simply gives the defendant fair notice of the plaintiff's claims and the grounds upon which they rest. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). At this stage in litigation, the Court must accept as true all well-pleaded factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009). Additionally, all reasonable inferences must be drawn in favor of the plaintiff. *Omar ex. rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003).

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must allege facts that, accepted as true, are sufficient to "state a claim for relief that is

plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is appropriate where, accepting the pleaded facts as true, there is a dispositive legal issue that precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## IV. ARGUMENT

### A. COUNT IV (FDUTPA) SHOULD NOT BE DISMISSED

Defendant argues that Count IV—violation of FDUTPA—should be dismissed because (1) it is preempted by the Copyright Act; and (2) Plaintiff lacks standing. Neither argument has merit.

#### 1. Plaintiff's FDUTPA claim is not preempted by the Copyright Act

Defendant's argument that Plaintiff's FDUTPA claim is preempted by the Copyright Act is based on a fundamental misunderstanding of the claim. To determine whether a state law claim is preempted by the Copyright Act, the Court must first determine "whether the rights at issue fall within the 'subject matter of copyright' set forth in sections 102 and 103 and whether the rights at issue are 'equivalent to' the rights of section 106." *Crow v. Wainwright*, 720 F.2d 1224, 1225-26 (11th Cir. 1983). The Copyright Act only preempts "those state law rights that may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided by the federal copyright law." *Crow*, 720 F.2d at 1225-26 (quoting *Comp. Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992)) (internal quotation marks omitted).

The Eleventh Circuit employs the "extra element" test to further analyze whether a state law claim is preempted by the Copyright Act. *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1549 (11th Cir. 1996); *see also, Pegasus Imaging Corp. v. Northrop Grumman Corp.*, 2008 U.S. Dist. LEXIS 99985, 2008 WL 5099691, at *11-12 (M.D. Fla. Nov. 25, 2008). A state law claim is not preempted if it requires an additional element "instead of or in addition to the acts of reproduction, performance, distribution or display" required of a federal copyright infringement claim, such that

the state law claim is qualitatively different from the copyright infringement claim. *Pegasus*, 2008 U.S. Dist. LEXIS 99985 at *7-8 (M.D. Fla. Nov. 24, 2008) (quoting *Comp. Assoc. Int'l, Inc.*, 982 F.2d at 716) (internal quotation marks omitted). Here, the rights and interests underlying Plaintiff's FDUTPA claim are wholly different and apart from Plaintiff's copyright claim, and Plaintiff easily satisfies the "extra element" test.

*First,* in contrast to Plaintiff's copyright claim, which concerns Defendant's unauthorized reproduction and display of Defendant's copyrighted promotional imagery in connection with the sale of the Infringing Products, SAC ¶ 32, Plaintiff's FDUTPA claim is grounded upon Defendants' unlawful use of Plaintiff's *trade dress* in commerce—along with Plaintiff's imagery—in order to deceive consumers and create a false association between Defendant's and Plaintiff's products. SAC, ¶ 61.

Simply put, Defendant's act of unlawfully copying and publicly displaying Plaintiff's copyrighted imagery is wholly distinguishable from Defendant's use of Plaintiff's imagery—copyrighted or not—in order to mislead consumers into purchasing an infringing knock-off that violates Plaintiff's trade dress rights. *See, e.g., Arbitron Inc. v. Renda Broad. Corp.*, 2014 U.S. Dist. LEXIS 41009, at *33 (M.D. Fla. Mar. 27, 2014) (finding that plaintiff's federal copyright infringement claim, which arose from defendant's unlawful copying and distribution of plaintiff's work, did not preempt plaintiff's FDUTPA claim, which arose from defendant's varied uses of the copied works, including for the purposes of advancing defendant's own business interests); *R. Miller Architecture, Inc. v. Edgington Enters.*, 2006 U.S. Dist. LEXIS 95238, at *16-17 (M.D. Fla. Feb. 12, 2006) (denying defendant's motion to dismiss where plaintiff's FDUTPA claim arose not from defendant's copying of plaintiff's architectural plans, but from defendant's misrepresentations regarding the plans to the county building department).

5

*Second*, even if Plaintiff's FDUTPA claim involved the same subject matter as its copyright infringement claim, the FDUTPA claim would still not be preempted, because it involves an extra element, satisfying the "extra element" test. To successfully allege a federal copyright infringement claim, plaintiffs must plead two elements: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). By contrast, a FDUTPA claim does not require ownership of a valid copyright or the act of copying by the defendant. Rather, a FDUTPA claim requires a showing of (1) a deceptive or unfair practice; (2) causation; and (3) damages. *Carriuolo v. GM Co.*, 823 F.3d 977 (11th Cir. 2016).

These claims require distinctly different elements, and Plaintiff plead additional facts to support each element. Plaintiff's copyright infringement claim alleges that Defendant copies constituent elements of Plaintiff's original copyrighted imagery. *See* SAC, ¶ 33. In contrast, Plaintiff's FDUTPA claim alleges that Defendant deceives unknowing consumers into believing they are purchasing genuine, authorized TUSHBABY products through the distribution of a near-identical knock-off that unlawfully appropriates Plaintiff's trade dress. *See* SAC, ¶ 60. Defendant's use of Plaintiff's copyrighted imagery—vis-à-vis Plaintiff's FDUTPA claim—adds additional context and weight to Defendant's deceptive and unfair practices, further evidencing Defendant's utter lack of bona fide, but it is not the *sin qua none* of the claim. At this stage of the proceedings, the distinction between Defendant's act of copying and Defendant's deceptive and unfair use of the copied material in order to cause confusion satisfies the "extra element" test, overcoming a motion to dismiss. *See, e.g., Arbitron*, 2014 U.S. Dist. LEXIS 41009 at *30 (M.D. Fla. Mar. 27, 2014) ("Taking the allegations of the Amended Complaint as true and accepting all reasonable inferences therefrom, the Court declines to conclude at this early stage of the litigation that

Arbitron's FDUTPA claim is preempted by the Copyright Act"); *R. Miller Architecture*, 2006 U.S. Dist. LEXIS 95238 at *17 (M.D. Fla. Feb. 12, 2006) ("While it is not entirely clear at this stage that the allegations of its FDUTPA claim are materially different in substance than the copyright claims, given the Eleventh Circuit precedent and the liberal pleading standards applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), it appears that Plaintiff has sufficiently pled an 'extra element'").

The sole authority cited by Defendant underscores precisely why the FDUTPA claim survives Defendant's preemption challenge. In *Pegasus*, the plaintiff's copyright infringement claim was based on the defendant's act of copying plaintiff's software, whereas the FDUTPA claim was based on the defendant's subsequent distribution of the copied software to over 100,000 individuals and businesses. 2008 U.S. Dist. LEXIS 99985, at *13-14. Noting that this allegation created an inference of a likelihood of confusion that was separate and apart from the copyright allegations, the court held that it satisfied the "extra element" test, and was therefore not preempted by its federal copyright infringement claim. *Id.* Plaintiff's FDUTPA claim in the present case is also based upon a likelihood of confusion, and thus is also not preempted by its federal copyright infringement claim.

**2. <u>Plaintiff has standing under FDUTPA.</u>**

Defendant's argument that competitors like Plaintiff lack standing under FDUTPA is incorrect and relies on outdated law which is no longer valid. FDUTPA provides relief for any "person who has suffered a loss as a result of a violation of" the statute. § 501.211(2), Fla. Stat. Furthermore, the statute directs courts to liberally construe its provisions "[t]o protect the consumer public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade

or commerce." § 501.202(2), Fla. Stat. The plain language of these provisions indicate that FDUTPA applies to *anyone* injured by deceptive or unfair trade practices, including competitors like Plaintiff. State and federal courts alike have affirmed this interpretation of the law. *See, e.g., CMR Constr. & Roofing, LLC v. UCMS, LLC*, 2022 U.S. App. LEXIS 21039, at *9 n.2 (11th Cir. July 29, 2022) (holding that non-consumers can also bring FDUTPA claims); *Wyndham Vacation Resorts, Inc. v. Timeshares Direct, Inc.*, 123 So. 3d 1149, 1151-52 (Fla. 5th DCA 2012) ("FDUTPA's clear intent is to provide both equitable and legal remedies to aggrieved parties or persons, including businesses, who have sustained actual losses because of a violation of its provisions").

Defendant's reliance on *Donald Frederick Evans & Assoc. v. Continental Homes, Inc.*, 785 F.2d 897 (11th Cir. 1986) is misplaced, as this case, which is nearly 40 years old, relies on an old version of FDUTPA in which relief was limited to consumers. But that is not the law today. Defendant's argument fails to consider that the FDUTPA was subsequently amended in 2001 by replacing the word "consumer" with the word "person," such that the current version of the FDUTPA provides relief for "a ***person*** who has suffered a loss as a result of a violation of this part." *R. Miller Architecture*, 2006 U.S. Dist. LEXIS 95238 at *21-22 (M.D. Fla. Feb. 12, 2006); § 501.211(2), Fla. Stat. (emphasis added). This amendment demonstrates the Florida Legislature's intent to broaden the applicability of FDUTPA to allow consumers and competitors alike to seek damages under the statute. *See Niles Audio Corp. v. OEM Sys. Co.*, 174 F. Supp. 2d 1315, 1319-20 (S.D. Fla. 2001); *True Title, Inc. v. Blanchard*, 2007 U.S. Dist. LEXIS 99070, at *9 (M.D. Fla. Feb. 5, 2007). Therefore, Plaintiff clearly has standing as a competitor to bring suit against Defendant under FDUTPA, and Defendant's argument to the contrary is baseless.

**B. COUNT V (FLORIDA COMMON LAW UNFAIR COMPETITION) SHOULD NOT BE DISMISSED BECAUSE IT IS SIMILARLY NOT PREEMPTED**

Defendant argues that Plaintiff's common law unfair competition claim should be dismissed, in part, because it was brought "under Florida common law, instead of under federal statute." *See* Motion, at 3-4. While Defendant's argument is far from clear, it appears to take the position that Plaintiff's unfair competition claim is also preempted by the Copyright Act, based upon a block quotation in *Donald Frederick*, 785 F.2d at 914. This argument is meritless for the same reasons explained above.

Similar to Plaintiff's FDUTPA claim, Plaintiff's common law unfair competition claim does not concern Defendant's act of copying Plaintiff's original copyrighted imagery, but instead focuses upon Defendants' advertisement, distribution, and sale of Infringing Products which incorporate trade dress identical to Plaintiff's trade dress—and utilize Plaintiff's own marketing—in order to create a likelihood of confusion and thereby take advantage of Plaintiff's goodwill and reputation. *See* SAC, ¶¶ 67-68.

Indeed, this distinction is demonstrated by the very block quote cited by Defendant's Motion. The court there explained that, like here, the plaintiff "prove elements other than those mandated in an action under the Copyright Act," including "establish[ing] deceptive or fraudulent conduct of a competitor and likelihood of customer confusion." *See* Motion, at 4 (citing *Donald Frederick*, 785 F.2d at 914. Indeed, the court went on to find that plaintiff's unfair competition claim was not preempted because, "[r]ather than going to the question of copying in the manufacture of the product, 'unfair competition goes to the question of marketing.'" 785 F.2d at 914 (quoting *B.H. Bunn Co. v. AAA Replacement Parts Co.*, 451 F.2d 1254, 1263 (5th Cir. 1971)).

Furthermore, even if this Court determines that the claims involve the same subject matter, Plaintiff's unfair competition claim would still not be preempted for the same reasons explained above, namely, that it meets the "extra element" test. Like the FDUTPA claim, an unfair

9

competition claim under Florida common law requires (1) the deceptive or fraudulent conduct of a competitor; and (2) the likelihood of consumer confusion. *See Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208 (M.D. Fla. 2005). "The Copyright Act only preempts claims premised entirely on allegations of copying, *without any additional elements of unfair competition*." *Barrocos of Fla., Inc. v. Elmassian*, 2011 U.S. Dist. LEXIS 168847, at *13 (S.D. Fla. Sep. 28, 2011) (rejecting preemption challenge because likelihood of confusion added an extra element).

Because Plaintiff's unfair competition claim is based on allegations that Defendant creates a likelihood of confusion, mistake, or deception among consumers, *see* SAC, ¶¶ 67-68, it is not preempted by the Copyright Act.[3]

## V. CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion.

Dated: September 26, 2024

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
ESCA Legal LLC
9000 Dadeland Blvd. #1500
Miami, FL 33156
Tel.: (305) 523-9023
james@esca.legal

---

[3] While Defendant's argument is somewhat unclear, to the extent its position is that Plaintiff's unfair competition is preempted by the Lanham Act, that argument too would fail. Courts in the Eleventh Circuit routinely permit plaintiffs to bring dual unfair competition claims under both federal and state law, just as Plaintiff has done. *See, e.g., Barrocos*, 2011 U.S. Dist. LEXIS 168847 (S.D. Fla. Sep. 28, 2011) (denying defendant's motion to dismiss and allowing plaintiff to proceed with claims under both 15 USC § 1125(a) and FDUTPA); *Altor Locks, LLC v. Proven Indus., Inc.*, 2022 U.S. Dist. LEXIS 233502 (M.D. Fla. Oct. 18, 2022) (denying defendant's motion to dismiss and allowing plaintiff to proceed with claims under both 15 USC § 1125(a) and FDUTPA, among others). *See also, R. Miller Architecture*, 2006 U.S. Dist. LEXIS 95238 (M.D. Fla. Feb. 12, 2006) (denying defendant's motion to dismiss and allowing plaintiff to proceed with claims under 15 USC § 1125(a), the Copyright Act, and FDUTPA).

Leo M. Lichtman (admitted *pro hac vice*)
ESCA Legal LLC
1117 Sixth Avenue, Fifth Floor
New York, New York 10036
Tel.: (347) 745-2535
leo@esca.legal

*Attorneys for Plaintiff Tushbaby, Inc.*