UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:24-cv-21136

**TUSHBABY, INC.**,

Plaintiff,

v.

**FLEEEROSE**,

Defendant.

_____/

### REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Defendant, Fleerose ("Defendant"), by and through its counsel undersigned, hereby replies to Plaintiff's Response [DE 99] in Opposition to Defendant's Motion to Dismiss ("Response"), and states as follows:

**A. COUNT IV (FDUTPA) - FLORIDA CONSUMER LAWS.**

Plaintiff argued that its Second Amended Complaint ("SAC") added additional elements to support its FDUTPA claim with ¶ 33 of the SAC. *See* the Response, p. 6, ¶ 2. In fact, the FDUPTA count did not even incorporate ¶ 33 into the count. Instead, Plaintiff incorporated only ¶¶ 1-28 into the count of FDUPTA. *Se*e the SAC, ECF No. 84, p. 15, ¶ 59.

Plaintiff argued that that he added an element to its FDUTPA claim that needs three elements (1) a deceptive or unfair practice; (2) causation; and (3) damages. *Carriuolo v. GM Co.*, 823 F.3d 977 (11th Cir. 2016). *See* the Response, p. 6, ¶ 1.

However, Plaintiff's understanding of the element here is erroneous. "Where, however, the only unfair or deceptive practice is the **same conduct** which forms the basis of the plaintiff's copyright claim, the FDUTPA claim is preempted. *Millenium Travel Promotions, Inc.*, 2008 WL

2275555, at *3." *Pegasus Imaging Corporation v. Northrop Grumman Corp.*, No. 8:07-CV-1937-T-27EAJ, at *8 (M.D. Fla. Nov. 24, 2008).(emphasis added by Defendant). "[A] state law claim is not preempted if the 'extra element' changes the nature of the action so that it is *qualitatively* different from a copyright infringement claim." *Id.*, at *7-8. In the instant case, by pleading three elements under FDUPTA instead of two elements under Copyright Act, it does not help Plaintiff in changing the nature of the action so that it is qualitatively different from the copyright infringement claim. The additional element here, if any, thus, refers to the *conducts* other than those allegedly copyright infringing activities, instead of the element of a count in a complaint.

**B. COUNT V - FLORIDA COMMON LAW UNFAIR COMPETITION.**

Plaintiff argued that similar to his argument for Count IV, Plaintiff's state common law unfair competition claim does not concern Defendant's act of copying Plaintiff's original copyrighted imagery, instead, it focuses upon Defendants' advertisement, distribution, and sale of Infringing Products which incorporate trade dress identical to Plaintiff's trade dress—and utilize Plaintiff's own marketing—in order to create a likelihood of confusion and thereby take advantage of Plaintiff's goodwill and reputation. *See* the Response, p. 9, ¶ 2, by citing SAC, ¶¶ 67-68. All such activities boils down to the infringement of copyright and all such activities were alleged in proving Plaintiff's allegations of copyright infringement.

Plaintiff cited *Barrocos of Fla., Inc. v. Elmassian*, 2011 U.S. Dist. LEXIS 168847, at *13 (S.D.Fla. Sep. 28, 2011) as case authority to prove rejecting preemption challenge because likelihood of confusion added an extra element. The 11th Circuit employs an "extra element" test: there is no preemption if the state-law claim requires an element instead of or in addition to

the acts of reproduction, performance, distribution, or display, such that the state-law claim is qualitatively different than copyright infringement.. *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001). In the instant case, Plaintiff's allegation of likelihood of confusion is inherent to the acts of display, and does not qualitatively different from copyright infringement. Thus, it must be preempted.

    Respectfully submitted on Oct. 3, 2024.

/s/ Jianyin Liu
FBN: 1007675
Jianyin Liu, Esq. Attorney
The Law Offices of James Liu, LLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188
Email: jamesliulaw@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was sent to all parties via CM/ECF on Oct. 3, 2024.