UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CCase No. 1:24-cv-21136-LEIBOWITZ/TORRES

TUSHBABY, INC.,

    Plaintiff,

v.

SHIAON, a Foreign Corporation,

    Defendant.
_____/

**PLAINTIFF'S UNOPPOSED MOTION TO ACCEPT
MOTION TO DISMISS SHIAON'S COUNTERCLAIM AS TIMELY**

Plaintiff Tushbaby, Inc. ("Plaintiff"), by and through its counsel and pursuant to Rule 6(b), hereby requests that the Court accept its motion to dismiss [ECF No. 109] Shiaon's Counterclaim [ECF No. 101] as timely filed. As grounds, Plaintiff states:

1. On September 16, 2024, Defendant Fleerose filed counterclaims to Plaintiff's Amended Complaint. [ECF No. 90]. Plaintiff's response was due on October 7, 2024. Fed. R. Civ. P. 12(a)(1)(A).

2. On October 1, 2024, Defendant Shiaon separately filed an answer and counterclaims, which were substantively identical to Fleerose's counterclaims [ECF No. 101]. Plaintiff's response was due October 22, 2024. Fed. R. Civ. P. 12(a)(1)(A).

3. On October 7, 2024, Plaintiff moved to dismiss Fleerose's counterclaim. [ECF No. 103, 104]. However, undersigned counsel inadvertently associated the motion with Shiaon's counterclaim. In other words, the docket reflected that Plaintiff responded to Shiaon's counterclaim, when Plaintiff had actually responded to Fleerose's counterclaim.

4. On October 17, 2024, Fleerose filed an amended counterclaim. [ECF No. 107]. In

preparation to respond and two days after the deadline to respond, undersigned counsel realized that while the docket reflected that Plaintiff responded to Shiaon's counterclaim, no such response was filed. Accordingly, Plaintiff immediately filed its response to Shiaon's counterclaims and sought Shiaon's position on accepting the filing out of time. Counsel for Shiaon does not oppose the relief requested herein.

## Argument

Rule 6(b) requires that a party show "excusable neglect" when a motion is made after the time expired.  The determination of whether neglect is "excusable" under Rule 6(b) is usually an "equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission." *Hurley v. Anderson*, 2017 WL 4304894, at *2 (S.D. Fla. May 30, 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *Fisher v. Office of State Attorney 13th Judicial Circuit Florida*, 162 Fed.Appx. 937, 940 (11th Cir. 2006). The factors and circumstances in determining whether excusable neglect is met are "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Hurley*, 2017 WL 4304894, at *2 (quoting *Pioneer*, 507 U.S. at 395).

Here, Plaintiff requests that the Court accept its filed motion to dismiss Shiaon's counterclaim. Plaintiff's counsel inadvertently believed that the motion was filed because undersigned counsel inadvertently associated Plaintiff's motion to dismiss Fleerose's nearly identical counterclaim with Shiaon's counterclaim on CM/ECF. Upon reviewing the docket in advance of Plaintiff's forthcoming response to Fleerose's amended counterclaim, counsel realized that they had mistakenly not responded to Shiaon's counterclaim and that the response docketed at ECF No. 103 was Plaintiff's motion to dismiss Fleerose's counterclaim. Plaintiff brings this motion

immediately after discovering this mistake. Because there is no prejudice to Shiaon in allowing Plaintiff to respond merely two days after the deadline to respond to the counterclaim, Plaintiff requests that the Court deem the motion to dismiss Shiaon's counterclaim as timely filed. Indeed, Shiaon and Fleerose are represented by the same counsel, and their counterclaims are substantively identical. Accordingly, Plaintiff's response to Shiaon's counterclaims filed today is identical to Plaintiff's response to Fleerose's counterclaims filed on October 7, such that Shiaon had already been effectively apprised of Plaintiff's response no later than October 7.

## Certificate of Good Faith Conference

I hereby certify that the undersigned has conferred with counsel for Shiaon, who does not oppose the relief requested herein.

Dated: October 24, 2024.

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
ESCA Legal LLC
9000 Dadeland Blvd. #1500
Miami, FL 33156
Tel.: (305) 523-9023
james@esca.legal

Leo M. Lichtman (admitted *pro hac vice*)
ESCA Legal LLC
1117 Sixth Avenue, Fifth Floor
New York, New York 10036
Tel.: (347) 745-2535
leo@esca.legal

*Attorneys for Plaintiff Tushbaby, Inc.*