**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:24-cv-21136-LEIBOWITZ/TORRES**

**FLEEROSE, a Foreign Corporation**,

    Counter-Plaintiff/Defendant.

  v.

**TUSHBABY, INC**.,

    Counter-Defendant/Plaintiff,
_____/

**<u>RESPONSE TO MOTION TO DISMISS AMENDED COUNTERCLAIM</u>**

Counter-Plaintiff/Defendant FLEEROSE ("FLEEROSE"), hereby responds to the Motion to Dismiss [DE 113] ("Motion") filed by Counter-Defendant TUSHBABHY, INC. ("TUSHBABY") and states as follows:

**II (b). Short and Plain Statement Suffices for Standard Pleading.**

In *Klein Heuchan, Inc. v. Costar Realty Information*, CASE NO: 8:08-cv-1227-T-30EAJ, at *5 (M.D. Fla. Apr. 8, 2009), the court explained:

> Copyright infringement does not require a heightened standard of pleading because it does not fall into the exception to Rule 8 of Fed.R.Civ.Pro. Neither the Federal rules nor case law support Bell's heightened pleading argument. Since CoStar has set out a short and plain statement of copyright infringement, Bell's motion to dismiss for failure to state a cause of action for copyright infringement will be denied.

*Klein Heuchan, Inc. v. Costar Realty Information*, CASE NO: 8:08-cv-1227-T-30EAJ, at *5 (M.D. Fla. Apr. 8, 2009).

A copyright or trade dress case does not require heightened standard of pleading. In the instant case, Plaintiff argued that the allegations in FLEEROSE's Counterclaim [DE 90] was

not detailed enough, which is erroneous. *See* the Motion, ECF No. 113, p. 3, ¶ 2. Firstly, since the Amended Counterclaim [DE 103] was filed, the original counterclaim [DE 90] was no longer in effect. The attack thus is mooted accordingly.

Plaintiff argued that Defendant failed to allege which features of the TUSHBABY Trade Dress were claimed as function in the '980 Patent. See the Motion, p. 4, ¶ 1. FLEEROSE expressly pleaded that the straps, rounded pouch, side [sic] zipper and mesh pockets that TUSHBABY claimed as part of its trade dress are all functional in the '980 Patent. *See* the Am. Counterclaim, p. 26, ¶¶ 11-12. Plaintiff argued that the '980 Patent claims features do not exist on the TUSHBABY Carrier, which is a denial to the allegation, however, is not a ground for motion to dismiss under Rule 12(b).

Plaintiff argued that Defendant failed to rebut the presumption of validity of TUSHBABY's copyrights. In *Progressive Lighting, Inc. v. Lowe's Home Ctrs., Inc.*, 549 F. App'x 913, 12-13 (11th Cir. 2013), the court stated, "[w]e need not decide the effect of Progressive's certificate of copyright registration in this case. Even assuming that Progressive's certificate did give rise to a presumption of a valid copyright, "this presumption is rebuttable." Id., quoting Bateman v.Mnemonics, Inc., 79 F.3d 1532, 1541 n.20 (11th Cir. 1996). "As our sister circuits have held, '[t]o rebut the presumption of validity, an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement.'" Id., quoting United Fabrics Int'l, Inc. v. C&J Wear, Inc., 630 F.3d 1255, 1257 (9th Cir. 2011) (internal quotation marks and alterations omitted); see also Palladium Music, Inc. v. EatSleepMusic, Inc., 398 F.3d 1193, 1196 (10th Cir. 2005). "Here, Bel Air and Lowe's rebutted the presumption of validity by offering

evidence showing, inter alia, that the works whose copyrightability is at issue were useful articles that did not contain separable copyrightable elements." Progressive Lighting, Inc. v. Lowe's Home Ctrs., Inc., 549 F. App'x 913, 12-13 (11th Cir. 2013).

In the instant case, FLEEROSE pleaded that the features of TUSHBABY's Copyrights were claimed functional in the '980 Patent. *See* the Am. Counterclaim, ECF No. 107, p. 27, ¶ 19. Also, FLEEROSE pleaded that such features are not physically separable, thus, not copyrightable. Id., ¶ 22. Thus, it pleaded sufficiently to rebut the presumption of validity of the copyrights, which has a low threshold to overcome according to *Progressive Lighting*.

**II(c). Short and Plain Statement Suffices for Standard Pleading.**

Once again, short and plain statements are sufficient in such a pleading. FLEEROSE pleaded that in Exhibit "A", p. 13-19, *Hip Seat Device and System*, the '980 Patent claimed all the features of the alleged trade dress as function, which is a short and plain statement, clear enough for TUSHBABY to frame a response. *See* the Am. Counterclaim, ECF No. 107, p. 26, ¶ 12. In Count II, FLEEROSE, repeated such statements that the features of the copyright are claimed functional in the '980 Patent. Id., p. 27. ¶ 19. A copy of the '980 Patent was attached as Exhibit "A" of the Amended Counterclaim, with seven (7) pages of description of the patent and its function. TUSHBABY should be able to read through. For pleading purposes, FLEEROSE did not have to go to each functional portion and detailedly compare the copyrighted part and corresponding functional claim in the '980 Patent.

TUSHBABY argued that it is a bare conclusion that the TUSHBABY Trade Dress is not physically separable from all utilitarian functions. TUSHBABY is erroneous FLEEROSE pleaded that some of the alleged copyrighted images of TUSHBABY contained the hip seat

for infants/children have an intrinsic utilitarian function. Id., ¶ 21. The features claimed by TUSHBABY as copyright are all shown in Figure 1 of the Counterclaim, as Count II incorporated ¶¶ 3-8 in the General Allegations into Count II. The features pleaded here, firstly, since they served utilitarian purposes, thus, not separable, which is not bare legal conclusion. Similar to that what happened in *Progressive Lighting*, "Bel Air and Lowe's rebutted the presumption of validity by offering evidence showing, <u>inter alia</u>, that the works whose copyrightability is at issue were useful articles that did not contain separable copyrightable elements," <u>Progressive Lighting, Inc. v. Lowe's Home Ctrs., Inc.</u>, 549 F. App'x 913, 12-13 (11th Cir. 2013), herein, FLEEROSE provided the evidence of '980 Patent and the copyrighted pictures as shown in Figure 1 of the Counterclaim, to rebut the validity of the copyright. It suffices for the plain and short statement standard. If not, FLEEROSE requests that this Court allow it to amend it.

IV. ARGUMENT

A(1). Alternative Designs Is Irrelevant.

TUSHBABY argued that the '980 Patent has a different designs from those of TUSHBABY's Trade Dress, as the Amended Counterclaim failed to point out. Motion, p. 8, ¶¶ 1-2.

"Under this traditional definition, if a product feature is 'the reason the device works,' then the feature is functional. The availability of alternative designs is irrelevant." *Eppendorf Netheler Hinz GmbH v. Ritter GmbH*, 289 F.3d 351, 355 (5th Cir. 2002) (citing *Traffix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 28 (2001)). Furthermore, "trademark and trade dress law cannot be used to evade the requirements of utility patents," *Valu Eng'g,*

*Inc. v. Rexnord Corp.*, 278 F.3d 1268, 1273 (Fed. Cir. 2002). "A utility patent is strong evidence that the features therein claimed are functional." *Traffix*, 523 U.S. at 29.

TUSHBABY, in the instant case, attempted to deny the allegations of in the Amended Counterclaim, by arguing it provided an alternative design of the flap and pocket. However, such argument must fail. *Eppendorf Netheler Hinz GmbH v. Ritter GmbH*, 289 F.3d 351, 355 (5th Cir. 2002) (citing *Traffix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 28 (2001)).

**A(2). Short and Plain Statement Suffices for Standard Pleading.**

FLEEROSE incorporates the argument in II(c) above to this section as the arguments in A(2) and II(c) are the same.

**B(1). Short and Plain Statement Suffices for Standard Pleading.**

FLEEROSE incorporates the argument in II(b) above to this section as the arguments in B(1) and II(b) are the same.

**B(2). Copyright Laws Do Not Protect Industrial Designs.**

TUSHBABY attempted to dismiss Count II of the Amended Counterclaim by arguing that the copyrighted images and the '980 have different designs. Motion, p. 15, ¶¶ 2-3.

"Congress has provided copyright protection for original works of art, but not for industrial designs." *Star Athletica, L. L. C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1007 (2017). It does not matter whether the designs in '980 Patent and TUSHBABY's Carrier pictures are the same or not. They are both industrial designs. Without expressing a unique idea, they are not protectable. TUSHBABY's comparison is not on point.

TUSHBABY attempted to argue that its photographs as images can enjoy the protection of copyright. Right, "an owner's copyright protection in a photograph extends to the original expression—such as lighting, shading, timing, etc.—but not to the object being photographed." *Seven Oaks Millwork, Inc. v. Royal Foam US, LLC*, 483 F. Supp. 3d 1192, 1198 (M.D. Fla. 2020), citing *Franklin Mint Corp. v. Nat'l Wildlife Art Exch., Inc.*, 575 F.2d 62, 65 (3d Cir. 1978). However, here, TUSHBABY intended to hold FLEEROSE for infringement of its copyright, not for its lighting, shading, time or the posing of the subject matter, but the general appearance of the pocket and flap, which is an industrial design. FLEEROSE's counterclaim was premised on such unreasonable cause of action brought by TUSHBABY against FLEEROSE. TUSHBABY should dismiss its claim of copyright infringement before arguing validity of its copyright as it misused its copyrighted industrial designs with only elements of lighting, timing, selection of film, posing etc, protectable.

Alternatively, FLEEROSE requests that this Court allow it to amend the Amended Counterclaim by limiting TUSHBABY's copyrighted images to its protectable elements only, but not to the overall appearance of the products, which also may solve prompt TUSHBABY to drop its copyright infringement against FLEEROSE.

Respectfully submitted on Nov. 4, 2024.

/s/ Jianyin Liu

FBN: 1007675
Jianyin Liu, Esq.
The Law Offices of James Liu, LLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188

Email: jamesliulaw@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was sent via CM/ECF on Nov. 4, 2024.