UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-21136-LEIBOWITZ/TORRES

**Shiaon, a Foreign Corporation**,

    Counter-Plaintiff/Defendant.

v.

**TUSHBABY, INC.**,

    Counter-Defendant/Plaintiff,

_____/

### RESPONSE TO MOTION TO DISMISS AMENDED COUNTERCLAIM

Counter-Plaintiff/Defendant Shiaon ("Shiaon"), hereby responds to the Motion to Dismiss [DE 115] ("Motion") filed by Counter-Defendant TUSHBABHY, INC. ("TUSHBABY") and states as follows:

**I.**  **INTRODUCTION**

Defendant incorporates the reply argument in IV below to this section.

**II. BACKGROUND**

No reply.

**III. LEGAL STANDARD**

No reply.

**IV. ARGUMENT**

**A(1). Alternative Designs Is Irrelevant.**

TUSHBABY argued that the '980 Patent has a different designs from those of TUSHBABY's Trade Dress, and the Amended Counterclaim failed to point out. Mot, p. 9-10.

"Under this traditional definition, if a product feature is 'the reason the device works,' then the feature is functional. **The availability of alternative designs is irrelevant**." *Eppendorf Netheler Hinz GmbH v. Ritter GmbH*, 289 F.3d 351, 355 (5th Cir. 2002) (citing *Traffix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 28 (2001))(emphasis added by Defendant). Furthermore, "trademark and trade dress law cannot be used to evade the requirements of utility patents," *Valu Eng'g, Inc. v. Rexnord Corp.*, 278 F.3d 1268, 1273 (Fed. Cir. 2002). "A utility patent is strong evidence that the features therein claimed are functional." *Traffix*, 523 U.S. at 29.

TUSHBABY, in the instant case, attempted to deny the allegations of in the Amended Counterclaim, by arguing it provided an alternative design of the flap and pocket. However, such argument must fail. *Eppendorf Netheler Hinz GmbH v. Ritter GmbH*, 289 F.3d 351, 355 (5th Cir. 2002) (citing *Traffix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 28 (2001)), where it held that "[t]he availability of alternative designs is irrelevant."

Plaintiff argued that Defendant's allegation that the features of the TUSHBABY Trade Dress were claimed as functional in the '980 Patent, was false. Mot., p. 8, ¶ 3. Shiaon expressly pleaded that the straps, rounded pouch, side [sic] zipper and mesh pockets that TUSHBABY claimed as part of its trade dress are all functional in the '980 Patent. *See* the Am. Counterclaim, p. 26, ¶¶ 11-12. Plaintiff argued that the '980 Patent claimed features do not exist on the TUSHBABY Carrier, which is a denial to the allegation, however, is not a ground for motion to dismiss under Rule 12(b).

Plaintiff compared the '980 Patent and its trade dress to prove they were different, which is also a denial of the pleadings only. "The availability of alternative designs is irrelevant."

*Eppendorf Netheler Hinz GmbH v. Ritter GmbH*, 289 F.3d 351, 355 (5th Cir. 2002) (citing *Traffix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 28 (2001)).

In the instant case, the argument of alternative design in the trade dress at issue should be germane to the summary judgment, rather than the phase of motion to dismiss that takes the pleading as true.

**IV(2). Rebuttal of Presumption of Validity.**

Here, Plaintiff argued that Defendant failed to rebut the presumption of validity of TUSHBABY's copyrights. Mot., p. 11, ¶ 1. In *Progressive Lighting, Inc. v. Lowe's Home Ctrs., Inc.*, 549 F. App'x 913, 12-13 (11th Cir. 2013), the court stated, "[w]e need not decide the effect of Progressive's certificate of copyright registration in this case. Even assuming that Progressive's certificate did give rise to a presumption of a valid copyright, "this presumption is rebuttable." *Id.*, quoting Bateman v.Mnemonics, Inc., 79 F.3d 1532, 1541 n.20 (11th Cir. 1996). "As our sister circuits have held, '[t]o rebut the presumption of validity, an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement.'" *Id.*, quoting United Fabrics Int'l, Inc. v. C&J Wear, Inc., 630 F.3d 1255, 1257 (9th Cir. 2011) (internal quotation marks and alterations omitted); see also Palladium Music, Inc. v. EatSleepMusic, Inc., 398 F.3d 1193, 1196 (10th Cir. 2005). "Here, Bel Air and Lowe's rebutted the presumption of validity by offering evidence showing, inter alia, that the works whose copyrightability is at issue were useful articles that did not contain separable copyrightable elements." Progressive Lighting, Inc. v. Lowe's Home Ctrs., Inc., 549 F. App'x 913, 12-13 (11th Cir. 2013).

In the instant case, Shiaon pleaded that the features of TUSHBABY's Copyrights were claimed functional in the '980 Patent. *See* the Am. Counterclaim, ECF No. 112, p. 26, ¶ 19. A copy of the '980 Patent was attached as part of the pleading where there were detailed description of the functions of each part of the utility patent. Also, Shiaon pleaded that such features are not physically separable, thus, not copyrightable. *Id.,* ¶ 22. Thus, it pleaded sufficiently to rebut the presumption of validity of the copyrights, which has a low threshold to overcome according to *Progressive Lighting*.

**B(1). Short and Plain Statement Suffices for Standard Pleading.**

Shiaon pleaded that the alleged copyright images of Plaintiff was claimed as functional in '980 Patent. Am. Compl., ECF No. 112, p. 26, ¶ 20. In addition, Shiaon pleaded that the subjects of the photograph is an [sic] useful article having an intrinsic utilitarian function, therefore, it shall not be protected by copyright laws.

Plaintiff failed to cite to any authority that a complaint must overcome the presumption of validity in order to state a cause of claim. Assuming it is necessary, Defendant provided sufficient evidence to overcome the presumption of validity according to *Progressive Lighting*.

**B(2). Copyright Laws Do Not Protect Industrial Designs.**

"Congress has provided copyright protection for original works of art, but not for industrial designs." *Star Athletica, L. L. C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1007 (2017). It does not matter whether the designs in '980 Patent and TUSHBABY's Carrier pictures are the same or not. They are both industrial designs. Without expressing a unique idea, they are not protectable. TUSHBABY's comparison is not on point.

As Defendant pleaded with sufficient evidence and allegations that the images are not protectable as they are all industrial designs.

TUSHBABY attempted to argue that its photographs as images can enjoy the protection of copyright. Right, "an owner's copyright protection in a photograph extends to the original expression—such as lighting, shading, timing, etc.—but not to the object being photographed." *Seven Oaks Millwork, Inc. v. Royal Foam US, LLC*, 483 F. Supp. 3d 1192, 1198 (M.D. Fla. 2020), citing *Franklin Mint Corp. v. Nat'l Wildlife Art Exch., Inc.*, 575 F.2d 62, 65 (3d Cir. 1978). However, here, TUSHBABY intended to hold Shiaon for infringement of its copyright, not for its lighting, shading, time or the posing of the subject matter, but the general appearance of the pocket and flap, which is an industrial design. Shiaon's counterclaim was premised on such unreasonable cause of action brought by TUSHBABY against Shiaon. TUSHBABY should dismiss its claim of copyright infringement before arguing validity of its copyright as it misused its copyrighted industrial designs with only elements of lighting, timing, selection of film, posing etc, protectable.

*Alternatively,* Shiaon requests that this Court allow it to amend the Amended Counterclaim by limiting TUSHBABY's copyrighted images to its protectable elements only, but not to the overall appearance of the products, which also may solve prompt TUSHBABY to drop its copyright infringement against Shiaon.

Respectfully submitted on Nov. 19, 2024.

/s/ Jianyin Liu

FBN: 1007675
Jianyin Liu, Esq.

        The Law Offices of James Liu PLLC
        15750 SW 92nd Ave Unit 20C
        Palmetto Bay, FL 33157
        Ph: (305) 209 6188
        Email: jamesliulaw@gmail.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true copy of the foregoing was sent via CM/ECF on Nov. 19, 2024.