UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Lead Case No. 1:24-cv-21136-LEIBOWITZ/TORRES

TUSHBABY, INC.,

    Plaintiff/Counter-Defendant,

v.

SHIAON, a Foreign Corporation,

    Defendant/Counterclaimant.

**PLAINTIFF'S REPLY TO DEFENDANT SHIAON'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT SHIAON'S AMENDED COUNTERCLAIMS**

    Plaintiff Tushbaby, Inc. ("Plaintiff"), by undersigned counsel, hereby files its reply to Defendant Shiaon's response in opposition to Plaintiff's Motion to Dismiss Defendant Shiaon's Amended Counterclaims [ECF No. 115] and states as follows:

**I.    INTRODUCTION**

    In its first Answer & Counterclaims [ECF No. 101] (the "Original Counterclaims"), Defendant sought to invalidate Plaintiff's trade dress and copyright rights on the alleged basis that the features thereof purportedly overlap with features that were claimed in an application for a utility patent filed by a third party. Plaintiff moved to dismiss the Original Counterclaims [ECF No. 109] because Defendants' allegations were contradicted by the utility patent application on its face, and because Defendant put forth no other factual allegations to plausibly support its claims. Defendant thereafter filed Amended Counterclaims [ECF No. 112, at 23] (the "Amended Counterclaims") but, as Plaintiff pointed out when it subsequently moved to dismiss the Amended Counterclaims [ECF No. 115], Defendant simply doubled down on its flawed theories for relief, putting in new allegations which fail

to address any of the deficiencies raised the first time.

In its opposition, Defendant does not actually point to which allegations purportedly support a claim for relief because there are none. Defendant does not dispute that the '980 Patent Application, on its face, claims features which are simply not found in Plaintiff's alleged trade dress [ECF No. 115, at 7–10]. Nor does Defendant dispute that Plaintiff's photographs at issue look nothing like the images from the '980 Patent Application, [*Id.* at 15–16] and, by their very nature, constitute expression which is separable from any utilitarian object depicted therein [*Id.* at 18]. Instead, Defendant continues to advance nonsensical arguments which attempt to disguise baseless legal conclusions as fact. Because Defendant cannot support its Amended Counterclaims on anything other than facts that are implausible on their face and misguided legal conclusions, the Amended Counterclaims should be dismissed with prejudice.

## II.   ARGUMENT

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complainant must allege facts that, accepted as true, are sufficient to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The facts alleged "must be enough to raise a right to relief above the speculative level," meaning there must be more than a mere suspicion of a right to relief. *Twombly*, 550 U.S. at 555. Pleadings that are unsupported by factual allegations "are no more than conclusions" and thus "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

"A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Lewis v. Fannie Mae*, 2022 U.S. App. LEXIS 4177, at *4 (11th Cir. Feb. 15, 2022). Nor will "a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555.

Given that Defendant has had multiple opportunities to plead sufficient facts to support a plausible claim for relief, and has failed to do so each time, Defendant's Amended Counterclaims should be dismissed with prejudice.

### A. **Defendant's Opposition Establishes That It Can Plead No Facts To Invalidate Plaintiff's Trade Dress**

As set forth in Plaintiff's motion to dismiss, Defendant has not, and cannot, plead sufficient facts to state a claim for relief because it is built on allegations which are wholly unsupportable. Defendant seeks to invalidate Plaintiff's registered trade dress on the basis that it copies and overlaps with features of the '980 Patent Application, but the subject of the trade dress registration—the configuration of the "pocket and flap" [ECF No. 84-2]—was simply not claimed in the '980 Patent Application.

Nothing in Defendant's opposition states otherwise. Defendant's opposition does not even address Plaintiff's arguments, effectively conceding the numerous differences between Plaintiff's trade dress and the '980 Patent Application. Instead, Defendant confusingly cites authority for the proposition that if a product feature is functional, then the availability of alternative designs is irrelevant, and that trade dress law cannot be used to evade the requirements of utility patents. [ECF No. 117, at 1–3]. But Defendant misses the point. *Defendant does not plausibly allege that Plaintiff 's trade dress is functional in the first place*. Thus, Defendant's opposition wholly fails to explain how the Amended Counterclaims rebut the presumption of validity afforded to the TUSHBABY Trade Dress. [See ECF No. 115, at 11–12]. As explained above and in Plaintiff's opening brief, nowhere do the Amended Counterclaims explain how the features of the TUSHBABY Trade Dress are purportedly functional (notwithstanding the determination of the PTO that they are not), or explain what Defendant means by the nonsensical allegation that the TUSHBABY Trade Dress is "not

3

physically separable from all utilitarian functions." [ECF No. 112 ¶ 14]. Instead, Defendant seems to take the position that the very existence of the '980 Patent Application, combined with the conclusory allegation that features of the TUSHBABY Trade Dress were claimed as functional in the '980 Patent Application, is enough to rebut the presumption of validity afforded to the trade dress. It is not.

### B. Defendant's Opposition Establishes That It Can Plead No Facts To Invalidate Plaintiff's Copyrights

In its Amended Counterclaim, Count II, Defendant similarly seeks a judicial order invalidating Plaintiff's copyright registrations as to a number of TUSHBABY Product Images. [ECF No. 112 ¶ 25]. Once again, Defendant does not—and cannot—plead sufficient facts to rebut the presumption of validity afforded to Plaintiff's copyrights, and nothing in Defendant's opposition suggests otherwise. As Plaintiff previously argued, (i) the TUSHBABY Product Images, on their face, contradict Defendant's allegations of copying; (ii) the TUSHBABY Product Images do not constitute useful articles as a matter of law because any expression set forth in the TUSHBABY Product Images is inherently separable from any useful article depicted in those Images; and (iii) even if Defendant did allege that the copyright registrations contained inaccuracies, Defendant does not identify any inaccuracies that are material, nor allege any facts to suggest that Plaintiff offered those material inaccuracies to the Copyright Office knowingly or intentionally, *see* 17 U.S.C. § 411(b). [ECF No. 115, at 14–19].

Defendant's opposition does not respond to any of these arguments. Instead, Defendant nonsensically proclaims that it "pleaded sufficiently to rebut the presumption of validity of the copyrights" because it "pleaded that such features were claimed functional in the '980 Patent" and that such features "are not physically separable, thus, not copyrightable." [ECF No. 117, at 4]. Once again, Defendant misses the point entirely. As with Amended Counterclaim, Count I, these are nothing more than conclusory assertions, which, as Plaintiff pointed out, are easily contradicted on the

4

pleadings record alone. Simply put, merely providing the Court with copies of the '980 Patent Application and TUSHBABY Images at issue, and blankly stating that the Images were "copied" from the '980 Patent Application and "claimed as function [sic]" in the '980 Patent Application is insufficient to meet this standard.

Furthermore, Defendant continues to misunderstand the scope of the TUSHBABY Copyrights, largely reiterating its baseless claim that elements of the Images "served utilitarian purposes, thus, not separable." [ECF No. 117, at 4]. Defendant apparently advances a new theory for this, referring to the Images as "industrial designs" and therefore not protectable. [*Id.* at 4–5]. But its own argument is contradicted by its citation to *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, in which the Supreme Court, at the outset of its opinion, notes that industrial design "which incorporates artistic elements" are "eligible for copyright protection" if the features "can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." 580 U.S. 405, 424 (2017). Defendant does not dispute that the expression set forth in

photographs is inherently separable from any utilitarian aspect of the subject set forth in the photograph. [See ECF No. 114, at 17–18]. Defendant instead cites *Progressive Lighting, Inc. v. Lowe's Home Ctrs., Inc.*, 549 F. App'x 913 (11th Cir. 2013), a wholly irrelevant case involving light fixtures (which were indisputably functional) as opposed to photographs (which are inherently separable from whatever the photograph captures).

In a last-ditch effort, Defendant ignores its pleadings entirely to apparently argue the merits of Plaintiff's copyright claim, misleadingly suggesting that Plaintiff seeks to hold Defendant liable for the infringement of photographs due to the appearance of its product. [ECF No. 117, at 5]. But even assuming arguendo that was the case, it is not the basis for Amended Counterclaim, Count II, which specifically asks the Court to invalidate Plaintiff's copyrights.

### C. Defendant's Amended Counterclaims Should Be Dismissed With Prejudice

Rather than addressing Plaintiff's contentions or bolstering its Amended Counterclaims with supporting factual allegations, Defendant asks the Court for yet another opportunity to amend its Counterclaims. [ECF No. 117, at 5]. But Defendant does not identify what facts could save these deficient causes of action if Defendant were to get a third or fourth bite at the apple, and indeed, there are none. *See Tran. v. City of Holmes Beach*, 817 F. App'x 911, 915 (11th Cir. 2020) (dismissal with prejudice is appropriate where a pleader fails to remedy the problems with complaint after being given another chance to do so). Instead, Defendant notes that it would amend "by limiting TUSHBABY's copyrighted images to its protectable elements only, but not to the overall appearance of the products." [ECF No. 117, at 5.] But asking for what is essentially an advisory opinion on the scope of Plaintiff's copyright is not the basis of an affirmative claim for relief. *See, e.g., Powell v. Carey Int'l, Inc.*, 2006 U.S. Dist. LEXIS 76025, at *3 (S.D. Fla. Oct. 19, 2006) ("[A] 'claim' is made up of a set of facts giving rise to one or more legal rights.") (citing *Goldstein v. North Jersey Trust Co., Inc.*, 39 F.R.D. 363, 366 (S.D.N.Y. 1966)). And it certainly is not a basis to support Defendant's Amended Counterclaim.

### III.    CONCLUSION

For the foregoing reasons, Defendant's Amended Counterclaims should be dismissed with prejudice.

Dated: November 25, 2024

        Respectfully submitted,

        **James M. Slater**
        James M. Slater (FBN 111779)
        ESCA Legal LLC
        9000 Dadeland Blvd. #1500
        Miami, FL 33156
        Tel.: (305) 523-9023
        james@esca.legal

Leo M. Lichtman (admitted *pro hac vice*)
ESCA Legal LLC
1117 Sixth Avenue, Fifth Floor
New York, New York 10036
Tel.: (347) 745-2535
leo@esca.legal

*Attorneys for Plaintiff Tushbaby, Inc.*