### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-21136-LEIBOWITZ/TORRES

TUSHBABY, INC.,

      Plaintiff,

  v.

 FLEEROSE, a Foreign Corporation, Defen-

    dant.

_____/

### ANSWER TO SECOND AMENDED COMPLAINT

    Defendant FLEEROSE ("Defendant"), hereby answers to the Second Amended Com-

plaint [DE 84], asserts affirmative defenses and sues TUSHBABHY, INC. with counterclaim

and states as follows:

### INTRODUCTION

    1.    This action has been filed by Plaintiff to combat e-commerce sellers online who

infringe Plaintiff's intellectual property rights and trade upon Plaintiff's reputation and

goodwill by selling and/or offering for sale products in connection with Plaintiff's dis-

tinctive trade dress, which is covered by U.S. Trademark Registration No. 7489071 (the

"TUSHBABY Trade Dress"), as well as copyrighted works, which are covered by at

least U.S. Copyright Office Registrations No.  VA 2-360-714,  VA 2-360-713,  VAu 1-

511-372,  and  VA 2-395-564  (collectively,  the  "TUSHBABY Copyrights"). The regis-

trations are valid, subsisting, and in full force and effect. True and correct copies of the

federal copyright registration certificates for the TUSHBABY Copyrights are attached

hereto as **Exhibit 1**. A true and correct copy of the federal trademark registration certificate is attached hereto as **Exhibit 2**.

ANSWER: Denied.

2.      TushBaby's premier product is the TushBaby Hip Seat Carrier (the "TUSHBABY Carrier"), a stylish and innovative baby carrier. The TUSHBABY Carrier bears the unique and distinctive TUSHBABY Trade Dress which consists of the overall design and configuration of the product, as shown in the copyright-protected photographs below:

 

ANSWER: No answer is needed. If an answer is needed, denied.

3.      Defendant is improperly advertising, marketing and/or selling unauthorized and non-compliant products (the "Infringing Products") by reference to and/or embodying Plaintiff's trade dress and copyrights, which causes further confusion and deception in the marketplace.

ANSWER: Denied.

4.      Defendant is a corporation based in China, which goes to great lengths to conceal its true identity, in this case, by utilizing a fictitious name: Qingdaohuizhiyang-

mingmaoyiyouxiangongsi.

ANSWER: Admitted in part and denied in part. Admitted that Defendant is a company in China named Qingdao Huizhiyangming Maoyi YouXian Gongsi, and the full name was required by Amazon to be applied and used as the business name of the company as shown on Amazon. Denied the rest.

5.      The Defendant has created a fully interactive commercial internet store operating within the Amazon online marketplace (the "Defendant Internet Store" or "Internet Store"). The Defendant designed its Internet Store to appear to be selling Plaintiff's genuine TUSHBABY products that embody and/or are sold by reference to the TUSHBABY Trade Dress and TUSHBABY Copyrights (the "TUSHBABY Products"), while selling inferior imitations of such products.

ANSWER: Denied.

6.      Plaintiff has been forced to file this action to combat Defendant's infringement of the TUSHBABY Trade Dress and TUSHBABY Copyrights, as well as to protect unknowing consumers from purchasing Infringing Products. As a result of Defendant's actions, Plaintiff has been and continues to be irreparably damaged through consumer confusion and tarnishment of its valuable copyrights and goodwill and, therefore, seeks injunctive and monetary relief.

ANSWER: Denied.

7.      This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Florida and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertak-

en in Florida and in this Judicial District. In addition, each Defendant has offered to sell and ship and/or sold and shipped infringing products into this Judicial District.

ANSWER: Denied.

## JURISDICTION AND VENUE

8.     This Court has original subject matter jurisdiction over the trade dress claim pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1114, 15 U.S.C. § 1151, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

ANSWER: Admitted.

9.     This Court has original subject matter jurisdiction over the copyright claim pursuant to the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

ANSWER: Admitted.

10.    This Court has original subject matter jurisdiction over the false designation of origin claim in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

ANSWER: Admitted.

11.    This Court has jurisdiction over the unfair deceptive trade practices claim in this action that arise under the laws of the State of Florida pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

ANSWER: Denied.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant, because it directly targets consumers in the United States, including Florida, through its Internet Store. Specifically, Defendant is reaching out to do business with Florida residents by operating one or more commercial, interactive Internet Store through which Florida residents can purchase unauthorized and illegal products marketed and sold by reference to and/or embodying Plaintiff's trade dress and/or copyrights. The Defendant has targeted sales from Florida residents by operating online stores that offer shipping to the United States, including Florida, accept payment in U.S. dollars, and, on information and belief, has sold unauthorized and illegal products by reference to and/or embodying Plaintiff's trade dress and/or federally registered copyright to residents of Florida. The Defendant is committing tortious acts in Florida, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Florida. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because the Defendant has committed acts of copyright and trade dress infringement in this judicial district, does substantial business in the judicial district, and may be found in this district.

ANSWER: Denied.

## THE PLAINTIFF

13.     Plaintiff TUSHBABY, INC. ("TUSHBABY.") is a corporation incorporated under the laws of California and is the owner of the TUSHBABY Trade Dress and TUSHBABY Copyrights referred to above and corresponding federal registrations attached as Exhibits 1 and 2.

ANSWER: Denied.

14.     Plaintiff is a leading infant carrier manufacturer and distributor, and has earned a reputation for quality, reliability and value. Plaintiff's TUSHBABY Products constitute a breakthrough in the infant care industry.

ANSWER: Denied.

15.     Plaintiff is the official source of TUSHBABY Products in the United States, which include the proprietary TUSHBABY Carrier, a single carrier that provides for the carrying of children aged 0-3 years old, with five storage pockets and a hideable bottle holder.  Exemplary images of the TUSHBABY Products, which consist primarily of iterations of the TUSHBABY Carrier, are below:

ANSWER: Denied.

16.     Since at least 2018, the TUSHBABY Products have been the subject of substantial and continuous marketing and promotion by Plaintiff, including by way of the TUSHBABY Copyrights.  Plaintiff has and continues to widely market and promote TUSHBABY Products in the industry and to consumers. Plaintiff's promotional efforts include — by way of example but not limitation — substantial print media, the TUSHBABY Products' website and social media sites, and point of sale materials, all of which feature the distinctive TUSHBABY Trade Dress and protectable portions of the TUSHBABY Copyrights, including the TUSHBABY Copyrights which are attached hereto as **Exhibit 3**.

ANSWER: Denied.

17.     Plaintiff has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the TUSHBABY Products. The TUSHBABY Carrier has received the Mom's Choice Award in 2022 and TUSHBABY has received praise from various media outlets such as Buzzfeed, Insider, and Forbes Magazine. As a result, products bearing the TUSHBABY Trade Dress and/or TUSHBABY Copyrights are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

ANSWER: Denied.

18.     Plaintiff owns all exclusive rights, including without limitation the rights to use in commerce the TUSHBABY Trade Dress, or any reproduction or colorable imitation thereof, in connection with the sale, offering for sale, distribution, or advertising of any goods or services, and the rights to grant licenses or authorization to third parties to use in commerce the TUSHBABY Trade Dress.

ANSWER: Denied.

19.     Plaintiff also owns all exclusive rights in and to the TUSHBABY Copyrights afforded copyright holders under 17 U.S.C. § 106, including without limitation the rights to create copies, to prepare derivative works, to distribute copies to the public by sale or other transfer of ownership, or by rental, lease, or lending, and to display copies publicly.

ANSWER: Denied.

## **THE DEFENDANT**

20.     Defendant is a business entity which, upon information and belief, resides

mainly in the People's Republic of China or other foreign jurisdictions. Defendant conducts business throughout the United States, including within Florida and in this Judicial District, through the Defendant Internet Stores. The Defendant targets the United States, including Florida, and has offered to sell and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including Florida and in this Judicial District.

ANSWER: Admitted in part and denied in part. Admitted that Defendant is a business residing in China and conducted business in the U.S. Denied the rest.

## **THE DEFENDANT'S UNLAWFUL CONDUCT**

21.     The success of the TUSHBABY Products has resulted in significant infringement of the product's corresponding intellectual property rights.

ANSWER: Denied.

22.     The Defendant's Internet Store is offering for sale, selling, and importing Infringing Products to consumers in this Judicial District and throughout the United States.

ANSWER: Denied.

23.     The Defendant created its Internet Store, Fleerose, on the Amazon marketplace for the purpose of selling Infringing Products. Online marketplaces and stores, such as Amazon, are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the man-

ufacturer's suggested retail price of illegal goods seized by the U.S. government in fiscal year 2020 was over $1.3 billion. Internet websites like the Defendant Internet Store, which sell products in violation of the intellectual property rights of others, are extremely harmful to legitimate business and the economy.  Illegal retailers like the Defendant, are estimated to contribute to tens of thousands of lost jobs belonging to legitimate businesses and broader economic damages such as lost tax revenue every year.

ANSWER: Denied.

24.    Defendant facilitates sales of Infringing Products by designing its Internet Store to look to unknowing consumers, to be an authorized online retailer, outlet store, or wholesaler selling genuine, authorized TUSHBABY Products.

ANSWER: Denied.

25.    Plaintiff has not licensed or authorized Defendant to use the TUSHABY Trade Dress or TUSHBABY Copyrights, and the Defendant is not an authorized retailer of genuine TUSHBABY Products.

ANSWER: Admitted.

26.    On information and belief, the Defendant goes to great lengths to conceal its identity, using multiple fictitious names and addresses to register and operate its Internet Store.

ANSWER: Denied.

27.    Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continues to use the TUSHBABY Trade Dress and TUSHBABY Copyrights in connection with the advertisement, distribution, offering for sale, and sale

of Infringing Products into the United States and Florida over the Internet.

  ANSWER: Denied.

28.     Defendant offers shipping to the United States, including Florida (in this Judi-

cial District) and, on information and belief, has offered to sell counterfeit TUSHBABY

Products into the United States, including Florida (in this Judicial District).  The manner

in which Defendant conducts its business has caused, and will continue to cause, ir-

reparable damage to Plaintiff if it does cease its infringing conduct, which has, and is,

causing confusion, mistake, and deception by and among consumers.

  ANSWER: Denied.

### FIRST CAUSE OF ACTION
**COPYRIGHT INFRINGE-
MENT (17 U.S.C. § 101, et
seq.)**

29.     Plaintiff repeats and incorporates by reference herein its allegations contained

in paragraphs 1-28 of this Complaint.

  ANSWER: No answer is needed. If an answer is needed, denied.

30.     Plaintiff has, at all relevant times, owned, and continues to own, all exclusive

rights in and to the TUSHBABY Copyrights set forth on Exhibit 3, including without limi-

tation the rights to reproduce them in copies, to prepare derivative works, to distribute

copies of the TUSHBABY Copyrights, to the public by sale or other transfer of owner-

ship, or by rental, lease, or lending, in various copyrights for the TUSHBABY products,

and to display the TUSHBABY Copyrights publicly. including without limitation copy-

rights covered by the TUSHBABY Copyrights.

ANSWER: On information and belief, admitted.

31.     The Defendant has sold, offered to sell, marketed, distributed, and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products in connection with the TUSHBABY Copyrights without Plaintiff's permission, including the copyrighted imagery set forth on Exhibit 3, which are the subject of, and protected by, the TUSHBABY Copyrights.

ANSWER: Denied.

32.     The Defendant had access to the TUSHBABY products and related materials incorporating Plaintiff's registered copyrights, including the copyrighted imagery set forth on Exhibit 3, before Defendant created its Internet Store.

ANSWER: Denied.

33.     Since at least 2023, if not earlier, Defendant has directly copied Plaintiff's copyrights, including the copyrighted imagery set forth on Exhibit 3, for the TUSHBA-BY products. Alternatively, Defendant's representations of Plaintiff's copyrights for the TUSHBABY products in its Internet Store are strikingly similar, or at the very least sub-stantially similar, to Plaintiff's copyrights for the TUSHBABY products and constitute unauthorized copying, reproduction, distribution, creation of a derivative work, and/or public display of Plaintiff's copyrights for the TUSHBABY products. As just one exam-ple, the Defendant deceives unknowing consumers by using the TUSHBABY copyrights without authorization within the product descriptions of its Internet Store to attract cus-tomers. The following examples, which are non- exhaustive, demonstrate the ways in which Defendant has willfully appropriated key protectable elements of Plaintiff's im-

agery, including the lighting, shading, composition, angles, poses, and accompanying instructional material and product descriptions, to capitalize on Plaintiff's marketing and concoct a false affiliation with Plaintiff's TUSHBABY products (with Plaintiff's copyrighted imagery on the left and Defendant's infringing imagery on the right):

ANSWER: Denied.

34.    Defendant's exploitation of Plaintiff's copyrights for the TUSHBABY products in its Internet Store constitutes infringement of Plaintiff's TUSHBABY Copyrights.

Answer: denied.

35.    On information and belief, Defendant's infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyrights. The Defendant willfully, wantonly, and in conscious disregard and intentional indifference to the rights of Plaintiff, made and distributed in the United States, including this District, caused to be made and distributed in the United States, including this District, and aided, abetted, contributed to, and participated in such unauthorized making and distribution of Infringing Products.

ANSWER: Denied.

36.    The Defendant either knew, or should have reasonably known, that Plaintiff's TUSHBABY products were protected by copyright and their representations infringed on Plaintiff's copyrights. The Defendant continues to infringe upon Plaintiff's rights in and to the copyrighted work.

ANSWER: Denied.

37.     As a direct and proximate result of its wrongful conduct, Defendant has realized and continues to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

ANSWER: Denied.

38.     In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by the Defendant from its wrongful acts, pursuant to 17 U.S.C. § 504(b). The Defendant should be required to account for all gains, profits, and advantages derived by it from its acts of infringement.

ANSWER: Denied.

39.     In the alternative, Plaintiff is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement.

ANSWER: Denied.

40.     Defendant's actions described above have caused and will continue to cause irreparable damage to Plaintiff, for which Plaintiff has no remedy at law. Unless this Court restrains Defendant from continuing its infringement of the TUSHBABY Copyrights, these injuries will continue to occur in the future. Plaintiff is accordingly entitled to injunctive relief restraining Defendant from further infringement.

ANSWER: Denied.

41.     Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

ANSWER: Denied.

## SECOND CAUSE OF ACTION
### TRADE DRESS INFRINGE-
### MENT (15 U.S.C. § 1114, et seq.)

42.     Plaintiff repeats and incorporates by reference herein its allegations contained

in paragraphs 1-28 of this Complaint.

ANSWER: No answer is needed. If an answer is needed, denied.

43.     Plaintiff owns valid and legally protectable rights in the TUSHBABY Trade

Dress in the fields of pouch baby carriers, baby carriers worn on the body, baby carriers

worn on the hip with storage for carrying babies' and parents' accessories, among other

goods and services, based on both common law rights gained through commercial use

and federal registration of the TUSHBABY Trade Dress. *See* Exhibit 2.

ANSWER: Denied.

44.     Plaintiff's use of the TUSHBABY Trade Dress, including as set forth in the

'071 registration, preceded Defendant's first use of the TUSHBABY Trade Dress by at

least several years.

ANSWER: Denied.

45.     Defendant has, without authorization, knowingly and willfully used, and  con-

tinues to use the TUSHBABY Trade Dress in commerce in connection with the offering,

selling, and marketing of the Infringing Products, which bear the TUSHBABY Trade

Dress and which are identical in all respects to the TUSHBABY Products, albeit of far

inferior quality. Such conduct is likely to cause confusion or mistake, or to deceive con-

sumers as to an affiliation, sponsorship, connection, or association with Plaintiff that is

false and misleading.

ANSWER: Denied.

46.     As just one example, the Defendant causes confusion and deceives unknowing consumers by using the TUSHBABY Trade Dress without authorization to advertise the sale of Infringing Products to customers as follows:

*Defendant's Infringing Product*:



*The TUSHBABY Trade Dress*:



ANSWER: Denied.

47.     Defendant's continued and knowing use of the TUSHBABY Trade Dress in connection with the Infringing Productions, without Plaintiff's authorization or con-

sent, constitutes intentional infringement of Plaintiff's federally registered trade dress in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

ANSWER: Denied.

48.    On information and belief, Defendant's infringing acts were willful, deliberate, and committed with prior notice and knowledge that such imitation of the TUSH-BABY Trade Dress would be likely to cause confusion, mistake, or deception amongst consumers. Defendant willfully, wantonly, and in conscious disregard and intentional indifference to the rights of Plaintiff, made and distributed, caused to be made and distributed, and/or aided, abetted, and knowingly contributed to and participated in the making and distribution of the Infringing Production in the United States, including this District.

ANSWER: Denied.

49.    Defendant's actions described above have caused and will continue to cause irreparable damage to Plaintiff, for which Plaintiff has no remedy at law. Unless this Court restrains Defendant from continuing its infringement of the TUSHBABY Trade Dress, these injuries will continue to occur in the future, Plaintiff is accordingly entitled to injunctive relief restraining Defendant from further infringement.

ANSWER: Denied.

50.    Defendant's intentional, deliberate, and willful use of the TUSHBABY Trade Dress without authorization renders this case exceptional, entitling Plaintiff to an award of reasonable attorney's fees under 15 U.S.C. § 1117.

ANSWER: Denied.

## **THIRD CAUSE OF ACTION**
## **FALSE DESIGNATION OF ORIGIN & PASSING OFF**
## **(15 U.S.C. § 1125(a))**

51.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1-28 of this Complaint.

ANSWER: No answer is needed. If an answer is needed, denied.

52.     Defendant's promotion, marketing, offering for sale, and sale of infringing TUSHBABY Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's infringing TUSH-BABY Products by Plaintiff.

ANSWER: Denied.

53.     By using the TUSHBABY Trade Dress and TUSHBABY Copyrights in connection with the sale of the Infringing Products, Defendant has created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the infringing TUSHBABY products.

ANSWER: Denied.

54.     Defendant's use of trade dress that is confusingly similar to the TUSHBABY Trade Dress without TushBaby's consent in connection with the sale, offering for sale, distribution, advertising, and/or promotion of the Infringing Products constitutes a false designation of origin and a false or misleading description or representation of goods, tending wrongfully and falsely to describe or represent a connection between TushBaby's and Defendant's products.

ANSWER: Denied.

55.     Defendant's conduct constitutes misrepresentation of fact as to the origin and/or sponsorship of the infringing TUSHBABY products to the general public under 15 U.S.C. §1125.

ANSWER: Denied.

56.     Upon information and belief, the Defendant had actual knowledge of TushBaby's ownership and prior use of the TUSHBABY Trade Dress prior to its infringing acts and has acted knowingly and willfully with intent to trade upon TushBaby's goodwill to the detriment of TushBaby.

ANSWER: Denied.

57.     As a direct and proximate result of Defendant's actions, which constitute false designation of origin, false or misleading description of fact or false or misleading representation of fact, and unfair competition, TushBaby has suffered and continues to suffer great and irreparable injury, for which TushBaby has no adequate remedy at law.

ANSWER: Denied.

58.     If Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill subsisting in its TUSHBABY Products.

ANSWER: Denied.

## FOURTH CAUSE OF ACTION
## VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (Fla. Stat. § 501.201 et seq.)

59.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1-28 of this Complaint.

ANSWER: No answer is needed. If an answer is needed, denied.

60.     Defendant's unlawful, unauthorized, and unlicensed use of Plaintiff's trade dress and copyrights on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, selling, and/or otherwise dealing in Infringing Products was and is a willful and deliberate attempt to deceive, and actually has deceived, consumers and the public.

ANSWER: Denied.

61.     As such, Defendant's actions as alleged herein constitute deceptive acts and unfair practices in the conduct of trade or commerce as defined and in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statute § 501.201, et seq.

ANSWER: Denied.

62.     As a direct result of Defendant's actions alleged herein, Plaintiff has suffered, and will continue to suffer damages and irreparable harm for which it has no adequate remedy at law.

ANSWER: Denied.

63.     Pursuant to Florida Statute § 501. et seq., Florida Statute § 501.211 and Florida Statute § 501.2105, Plaintiff is entitled to enjoin Defendant's unlawful conduct, as well as obtain actual damages, plus attorney's fees and court costs.

ANSWER: Denied.

**FIFTH CAUSE OF ACTION**
**FLORIDA COMMON LAW UNFAIR COMPETITION**

64.     Plaintiffs repeat and incorporate by reference herein its allegations contained in paragraphs 1-28 of this Complaint.

ANSWER: Denied.

65.     Plaintiffs have not licensed or authorized Defendant to use the TUSHBABY Trade Dress or TUSHBABY Copyrights, and the Defendant is not an authorized retailer of genuine TUSHBABY Products.

ANSWER: Denied.

66.     The Defendant knowingly and intentionally trades upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiffs' TUSHBABY Trade Dress and TUSHBABY Copyrights.

ANSWER: Denied.

67.     The Defendant's promotion, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the quality, affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's Infringing Products by Plaintiff in violation of Florida's common law of unfair competition.

ANSWER: Denied.

68.     The Defendant knew, or should have known, that its promotion, marketing, offering for sale, and sale of Infringing Products has caused and will continue to cause confusion, mistake, and deception among purchasers, users, and the public.

ANSWER: Denied.

69.     On information and belief, the Defendant's conduct is willful and intentional as

Defendant attempts to avoid liability by concealing its identities, using fictitious names and addresses to register and operate its illegal and infringing operations and Internet Store.

ANSWER: Denied.

70.     Plaintiff has no adequate remedy at law, and Defendant's conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

ANSWER: Denied.

## JURY DEMANDS

71. Defendant demands a jury trial for all the courts triable in the Am. Compl. [DE 84].

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE: INDEPENDENT CREATION

72.  With the idea of the picture a normal hip seat baby carrier, Defendant also registered its own copyright with US Copyright Offices, with Copy Right No. VAu 1-512-372.

73. More importantly, Defendant registered its own design patent with the USPTO for the above product with Patent No. D1024542 that was issued on April 30, 2024.

## SECOND AFFIRMATIVE DEFENSE - INVALID COPYRIGHT/TRADE DRESS

74. Plaintiff's alleged trade dress in fact is copied from the utility patent US Patent No. US 2016/0286980 A1 ("'980 Patent") with the main picture as below:



*Figure 1: Main Drawing of US Patent No. US 2016/0286980 A1*

75.  Plaintiff claimed straps, rounded pouch, size zipper and mesh pockets as part of its trade dress.

76.  However, all of such features were claimed as functional in the '980 Patent.

<u>**THIRD AFFIRMATIVE DEFENSE - LACK OF NOVELTY**</u>

77. Defendant incorporates ¶¶ 74-76 to this Affirmative Defense as if they are re-stated herein.

78. In the instant case, Plaintiff took the front portion of the '980 Patent as its trade dress, which does not add any independent copyright or trade dress due to its lack of novelty.

79. Defendant reserves the rights to add further affirmative defenses in the future.


Respectfully submitted on Dec. 9, 2024.

/s/ Jianyin Liu

FBN: 1007675
Jianyin Liu, Esq.
The Law Offices of James Liu, LLC

15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188
Email: jamesliulaw@gmail.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was sent via CM/ECF on Dec. 9, 2024.

**UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
FLORIDA
CASE NO. 1:24-cv-21136-LEIBOWITZ/TORRES**

**FLEEROSE, a Foreign Corporation**,

      Counter-Plaintiff/Defendant.

  v.

**TUSHBABY, INC**.,

      Counter-Defendant/Plaintiff,

_____/

## **FIRST AMENDED COUNTERCLAIM**

     Counter-Plaintiff/Defendant FLEEROSE ("FLEEROSE"), hereby amends the Counter-

cliam [DE 90] as a matter of course pursuant to Fed. R.C.P. 15(a) and sues TUSHBABHY, INC.

("TUSHBABY") and states as follows:

### **JURISDICTION**

1. This Court has original subject matter jurisdiction over the trade dress claim pur-
   suant to the provisions of the Lanham Act, 15 U.S.C. § 1114, 15 U.S.C. § 1151, 28
   U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. This Court has original subject matter jurisdiction over the copyright claim pursuant
   to the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., 28 U.S.C. §
   1338(a)–(b), and 28 U.S.C. § 1331.

### **GENERAL ALLEGATION**

3. TUSHBABY alleged it registered a federal trade dress ("Trade Dress") through commercial use and federal registration of the TUSHBABY Trade Dress. *See* the Am. Compl., ECF No. 84, p. 12, ¶ 43.

4. TUSHBABY also claimed it has copyright on all the pictures of Exhibit 3 of the Amended Complaint. *Id.*, p. 8, ¶ 30.

5. In particular, TUSHBABY alleged that FLEEROSE infringed its following copyrighted pictures. *See* Am. Compl., p. 10, ¶ 33.



*Figure 1: Alleged Copyrighted Pictures.*

6. It is in fact copied from the utility patent US Patent No. US 2016/0286980 A1 ("'980 Patent") with the main picture as below:



*Figure 2: Main Drawing of US Patent No. US 2016/0286980 A1*



*Figure 3: Fig. 6 of '980 Patent.*

7. TUSHBABY claimed straps, rounded pouch, size zipper and mesh pockets as part of its trade dress.

8. However, all of such features were claimed as functional in the '980 Patent.

## COUNT I - DECLARATORY JUDGMENT OF INVALIDITY OF <u>TRADE DRESS</u>

9. FLEEROSE incorporates ¶¶ 3-8 herein as if they are restated herein.

10. TUSHBABY copied its alleged Trade Dress at-issue in the Amended Complaint [DE 84] from the '980 Patent.

11. TUSHBABY claimed straps, rounded pouch, size zipper and mesh pockets as part of its trade dress.

12. However, all of features of the alleged Trade Dress were claimed as functional in the '980 Patent. *See* Exhibit "A," p. 13-19, Hip Seat Device and System.

13. The the alleged trade dress of TUSHBABY contains the hip seat for infants/children have an intrinsic utilitarian function.

14. The features TUSHBABY claimed as trade dress are not physically separable from

all utilitarian functions, thus, not protectable by the laws of trade dress.

15. Thus, the Trade Dress claimed in the Amended Complaint [DE 84] is invalid.

16. FLEEROSE requests that this Court declare the Trade Dress invalid and award FLEEROSE attorney fees and court cost in the instant case.

## COUNT II - DECLARATORY JUDGMENT OF INVALIDITY OF COPYRIGHT

17. FLEEROSE incorporates ¶¶ 3-8 herein as if they are restated herein.

18. The copyrighted images, as shown in Figure 1 above, was copied from '980 Patent as shown above in Figure 2 and 3 above, as well as other pictures depicted in '980 Patent.

19. All of features of the alleged copyright were claimed as functional in the '980 Patent.

20. When the subject of the photographs is a useful article having an intrinsic utilitarian function that is more than the appearance of the article, the subject does not receive copyright protection, as the 11th Circuit held in *Baby Buddies, Inc. v. Toys "R" US, Inc.*, 611 F.3d 1308, 1316 (11th Cir. 2010).

21. Some of the alleged copyrighted images of TUSHBABY contain the hip seat for infants/children have an intrinsic utilitarian function.

22. The features TUSHBABY claimed as copyright are not physically separable, thus, not copyrightable.

23. In addition, the copyright images of TUSHBABY, either for the one with a lady holding a baby, or the photographs of the hip seat, do not express any ideas that are copyrightable.

24. Thus, the copyrighted pictures as shown in Figure 1 above claimed in the Amended Complaint [DE 84] is invalid.

25. FLEEROSE requests that this Court declare the Copyright is invalid and award attorney fee and court cost to FLEEROSE.

**JURY DEMAND**

26. FLEEROSE requests all counts in the Counterclaim to be tried by jury.

**PRAYER OF RELIEF**

**WHEREFORE**, FLEEROSE, by and through its counsel undersigned, requests that this Court declare the copyright and the trade dress claimed in the Amended Complaint [DE 84] as invalid.

Respectfully submitted on Dec. 9, 2024.

/s/ Jianyin Liu

FBN: 1007675
Jianyin Liu, Esq.
The Law Offices of James Liu, LLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188
Email: jamesliulaw@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was sent via CM/ECF on Dec. 9, 2024.