UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21136-LEIBOWITZ

**TUSHBABY, INC.,**

*Plaintiff,*

v.

**SHIAON,**

*Defendant.*
_____/

## ORDER

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss Amended Complaint (the "Motion") [ECF No. 100][1], filed on October 1, 2024. Plaintiff has filed a response [ECF No. 105], and Defendant has filed a reply [ECF No. 106]. After a review of the parties' arguments and the pleadings, Defendant's Motion to Dismiss is DENIED for the foregoing reasons.

## BACKGROUND

Plaintiff TushBaby, Inc., is in the business of creating and selling baby carriers, including the "TushBaby Hip Seat Carrier," at issue in this lawsuit. [Amended Complaint, ECF No. 92 ¶ 2]. Plaintiff alleges that Defendant Shiaon, a business entity which, upon information and belief, resides in China or other foreign jurisdictions, is "improperly advertising, marketing and/or selling unauthorized and non-compliant products . . . by reference to and/or embodying Plaintiff's trade dress and copyrights, which causes further confusion and deception in the marketplace." [*Id.* ¶¶ 3, 20]. Plaintiff brings five causes of action: (1) copyright infringement under the federal Copyright Act, (2) federal trade dress infringement, (3) federal false designation of origin & passing off, (4) a

---

[1] This Motion is identical to a separate motion to dismiss in this consolidated action. [*Compare* ECF No. 89 with ECF No. 100]. Defendant mistakenly names the Defendant in this Motion as Fleerose, but the relevant Amended Complaint [ECF No. 92] is against Defendant Shiaon.

violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and (5) Florida common law unfair competition. [Amended Complaint ¶¶ 29–70].

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted)). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiffs receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678. A dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits," and is "presumed to operate as a dismissal with prejudice unless the district court specifies otherwise." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 929 (11th Cir. 2016) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)).

Consideration of a 12(b)(6) motion is generally limited to the facts contained in the complaint and attached exhibits. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). The court must accept as true all allegations contained in the complaint, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (citation and quotation omitted).

## DISCUSSION

Defendant argues that two of Plaintiff's claims – FDUTPA (Count IV) and Unfair Competition (Count V) – should be dismissed because the Copyright Act preempts Plaintiff's FDUTPA and unfair competition claims, and Plaintiff did not plead its standing as a consumer to bring a FDUTPA claim. These arguments (to the extent they are even fully developed) are insufficient and therefore fail.

FDUTPA

"The Copyright Act preempts state law causes of action for violations of rights either found in the Act or equivalent to rights found in the Act." *Pegasus Imaging Corp. v. Northrop Grumman Corp.*, No. 807-CV-1937-T-27EAJ, 2008 WL 5099691, at *4 (M.D. Fla. Nov. 25, 2008) (citing *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001)). "To determine whether a state law claim is preempted, the Eleventh Circuit employs the 'extra element' test, which asks whether an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display. If an extra element exists, then the state law claim is not preempted." *Id.* (citations and internal quotation marks omitted) (citing *Crow v. Wainwright*, 720 F.2d 1224, 1225–26 (11th Cir. 1983)).

"Claims asserted pursuant to FDUTPA are not per se preempted by the Copyright Act." *Id.* "To establish a claim under FDUTPA, a plaintiff must show (1) a deceptive or unfair practice, (2) causation, and (3) actual damages." *Id.* "Where, however, the only unfair or deceptive practice is the same conduct which forms the basis of the plaintiff's copyright claim, the FDUTPA claim is preempted." *Id.* (finding that a FDUPTA claim was not preempted because the "extra element" test was satisfied where the plaintiff's allegations supported an inference of consumer confusion, which is not an element of a Copyright Act claim); *see also R. Miller Architecture, Inc. v. Edgington Enterprises,*

*Inc.*, No. 6:06-CV-871ORL19DAB, 2007 WL 496614, at *5 (M.D. Fla. Feb. 12, 2007) (finding a FDUTPA claim was not preempted because the plaintiff did "not allege that its FDUTPA claim arises from the Defendants' unlawful copying of its works[.]"). In comparison, to establish a copyright infringement claim, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Here, the Amended Complaint pleads in its FDUTPA claim that Defendant's unlawful actions (supported by the factual allegations) are "willful and deliberate attempt[s] to deceive . . . consumers and the public." [Amended Complaint ¶ 60]. This deception is an element of the FDUTPA claim and not the copyright infringement claim. Therefore, this Court finds that the deception allegation is an "extra element" of the FDUTPA claim not necessary to prove the copyright infringement claim and Defendant's motion is denied on this ground.

Defendant also argues that Plaintiff is the competitor of Defendant and did not plead standing as a consumer. [Mot. at 3]. However, Defendant's reliance on *Donald Frederick Evans & Assoc. v. Continental Homes, Inc.*, 785 F.2d 897 (11th Cir. 1986) is misplaced. [Resp. at 8]. Defendant's only citation for its standing argument is to *Donald Frederick Evans*, yet this case interpreted a previous version of FDUTPA which has since been amended to replace the word "consumer" with "person"[2] such that a plaintiff need not be a "consumer" anymore. *See R. Miller Architecture, Inc.*, 2007 WL 496614, at *6 (noting the amendment that changed the word "consumer" to "person"). Thus, Plaintiff's argument is based on outdated law and mut be rejected.

Unfair Competition

Defendant next attempts to argue that Plaintiff's unfair competition claim "repeat[s] the allegations with the same elements of FDUTPA and copyright infringement. Thus, Count Five shall

---

[2]     Business entities regularly bring FDUTPA claims. *See Pegasus Imaging Corp.*, 2008 WL 5099691; *R. Miller Architecture, Inc.*, 2007 WL 496614.

be dismissed with prejudice." [Mot. at 4]. Assuming Defendant is arguing here that the Copyright Act preempts Plaintiff's unfair competition claim, this argument similarly must fail.

"To state a claim for unfair competition under Florida common law, [a plaintiff] must allege (1) deceptive or fraudulent conduct of a competitor and (2) likelihood of consumer confusion." *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1212 (M.D. Fla. 2005). This standard is meaningfully different from the standard to establish a copyright infringement claim. *See supra*. Plaintiff here bases its unfair competition claim on Defendant's actions which allegedly "creat[e] a likelihood of confusion, mistake, and deception among the general public[.]" [Amended Complaint ¶ 67]. Just as above, this satisfies the "extra element" test to avoid Copyright Act preemption. Accordingly, Plaintiff's argument as to unfair competition must similarly be rejected.

## CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [**ECF No. 100**] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on December 9, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record