UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21136-LEIBOWITZ

**TUSHBABY, INC.,**

    *Plaintiff,*

v.

**FLEEROSE,**

    *Defendant.*

_____/

**TUSHBABY, INC.,**

    *Plaintiff,*

v.

**SHIAON,**

    *Defendant.*

_____/

**ORDER**

THIS CAUSE comes before the Court on Consolidated Plaintiff Tushbaby, Inc.'s ("Tushbaby") Motion to Dismiss Defendant Fleerose's Amended Counterclaims [ECF No. 113] and Motion to Dismiss Defendant Shiaon's Amended Counterclaims [ECF No. 115] (the "Motions").[1] Defendants have filed responses [ECF Nos. 114, 117], and Tushbaby has filed replies [ECF Nos. 116, 118]. After a review of the parties' arguments and the pleadings, Plaintiff's Motions are GRANTED.

**BACKGROUND**

TushBaby is in the business of creating and selling baby carriers, including the "TushBaby Hip Seat Carrier," (the "Tushbaby Hip Carrier") at issue in this lawsuit. [Amended Complaint, ECF Nos.

---

[1]    Both the Amended Counterclaims and the Motions in both cases are identical. [*See* ECF Nos. 107, 112, 113, 115]. Thus, this Court considers them jointly.

84, 92 ¶ 2].  Plaintiff alleges that Defendants Fleerose and Shiaon (collectively, the "Defendants"), business entities which, upon information and belief, reside in China or other foreign jurisdictions, are "improperly advertising, marketing and/or selling unauthorized and non-compliant products . . . by reference to and/or embodying Plaintiff's trade dress and copyrights, which causes further confusion and deception in the marketplace."  [*Id.* ¶¶ 3, 20].  Tushbaby brings five causes of action: (1) copyright infringement under the federal Copyright Act, (2) federal trade dress infringement, (3) federal false designation of origin & passing off, (4) a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and (5) Florida common law unfair competition.  [*Id.* ¶¶ 29–70].  This Court previously denied Defendants' motions to dismiss Plaintiff's Complaints.  [ECF Nos. 120, 122].  Defendants each bring two counterclaims against Plaintiff – Declaratory Judgment of Invalidity of Trade Dress and Declaratory Judgment of Invalidity of Copyright – claiming that Plaintiff copied its trade dress and copyrighted images from US Patent No. US 2016/0286980 A1 (the '980 Patent").  [Counterclaims, ECF Nos. 107, 112 ¶¶ 6, 9–25].

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted)).  To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).  When reviewing a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiffs receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678.  A dismissal for failure to state a claim under Rule 12(b)(6) is

a "judgment on the merits," and is "presumed to operate as a dismissal with prejudice unless the district court specifies otherwise." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 929 (11th Cir. 2016) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)).

A court considering a 12(b)(6) motion is generally limited to the facts contained in the complaint and attached exhibits—but may also consider documents referred to in the complaint that are central to the claim and whose authenticity is undisputed. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). The court must accept as true all allegations contained in the complaint, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. A motion to dismiss a counterclaim pursuant to Rule 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint. *Geter v. Galardi S. Enterprises, Inc.*, 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014). "Dismissal pursuant to Rule 12(b)(6) is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (citation and quotation omitted).

## DISCUSSION

Tushbaby moves to dismiss both of Defendants' counterclaims on the grounds that Defendants' allegations are insufficient to negate the validity of both their trade dress and copyright claims to the Tushbaby Hip Carrier. For the foregoing reasons, this Court agrees with Tushbaby.

I.   <u>Invalidity of Trade Dress</u>

Plaintiff first argues that Defendant's first counterclaim (invalidity of trade dress) should be dismissed because the '980 Patent contradicts the Defendant's allegations. [Mots., ECF Nos. 113, 115 at 7]. Defendant responds that this Court should not consider the '980 Patent because that amounts to a denial of the allegation, which is not a ground to dismiss under Rule 12(b)(6). [Resps., ECF Nos.

3

114, 117 at 2–3]. After a review of Defendant's allegations, the parties' arguments, and the '980 Patent, this Court agrees with Plaintiff.

First, this Court can consider the '980 Patent because it is central to Defendants' counterclaim. Defendants' counterclaims entirely rely on the allegation that Plaintiff copied the '980 Patent. Defendants attached figures from the '980 Patent in their counterclaims, and its authenticity is not disputed by the parties. *See Wilchombe*, 555 F.3d at 959; *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

"Trade dress" is "the total image of a product, which may include features such as size, shape, color or color combinations, texture, graphics, or even particular sales techniques." *Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, 898 F.3d 1279, 1288 (11th Cir. 2018) (internal quotation marks omitted) (citing *John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966, 980 (11th Cir. 1983)). For a party to prevail on a trade dress claim, it must prove three elements: "1) its trade dress is inherently distinctive or has acquired secondary meaning, 2) its trade dress is primarily non-functional, and 3) the defendant's trade dress is confusingly similar." *Id.* (citing *AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1535 (11th Cir. 1986)).[2] As for the third element, which is implicated here, courts "consider (1) the strength of [party's] trade dress, (2) the similarity of the products' designs, (3) the similarity of the products themselves, (4) the similarity of the parties' trade channels and customers, (5) the similarity of advertising media used by the parties, (6) the [opposing party's] intent, and (7) the existence and extent of actual confusion in the consuming public." *Id.* at 1289 (citing *Fla. Int'l Univ. Bd. of Trustees v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1255 (11th Cir. 2016)).

---

[2] While this instant counterclaim is not brought by a party claiming that the opposing party impermissibly copied their trade dress, this Court applies this test because Defendants are claiming that Tushbaby's trade dress should be declared invalid because it copied the '980 Patent. The owners of the '980 Patent would therefore only be able to declare the Tushbaby trade dress invalid based on this test. It is, of course, permissible for a party being sued for infringement of a trade dress to claim that the trade dress is invalid.

Based on the Defendants' pleadings, allegations, and the substance of the '980 Patent, this Court finds that Defendants fail to plead sufficiently that Tushbaby's trade dress is confusingly similar to the '980 Patent. Defendants claim that Tushbaby copied the "straps, rounded pouch, size zipper and mesh pockets[,]" all of which are functional, from the '980 patent. [Counterclaims ¶¶ 10–14]. This statement constitutes the entirety of Defendants' allegations as to trade dress, and is blatantly contradicted by the '980 Patent, which Defendants themselves attached to their counterclaims. [*See id.*]. As Tushbaby notes, the "front pocket and clasp of the products, on their face, look markedly different, given that the flap in the [Tushbaby] Trade Dress is crescent or oblong in shape and covers nearly half of the pocket, whereas the flap in the '980 Patent is a narrow rectangle contained to the top portion of the carrier." [Mots.at 8]. Additionally, the '980 Patent "depicts a carrier with two snaps on either side of the rectangular flap with no label . . . whereas the [Tushbaby] Trade Dress includes a single snap closure, centered in the middle of the rounded flap with a label affixed above the snap." [*Id.*]. Tushbaby describes, with detailed specificity, the many ways in which the '980 Patent and the Tushbaby carrier are different in material respects, which this Court relies on, after a review of the '980 Patent and the Tushbaby carrier at issue here. [*See id.* at 9–11]. Defendants do not respond to this argument.

After a review of the Tushbaby trade dress, the '980 Patent, and Defendants' counterclaims, this court concludes that Defendants have failed to plead beyond a conclusory manner that features of the Tushbaby Hip Carrier were claimed as functional in the '980 Patent. "The functionality doctrine prevents trademark law, which seeks to promote competition by protecting a firm's reputation, from instead inhibiting legitimate competition by allowing a producer to control a useful product feature." *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 164 (1995). "Under the traditional functionality test, a feature is functional if it is essential to the use or purpose of the article or if it affects the cost or quality of the article." *Hyde Park Storage Suites Daytona, LLC v. Crown Park Storage Suites, LLC*, 631 F. Supp.

5

3d 1203, 1216 (M.D. Fla. 2022) (citing *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1203 (11th Cir. 2004)).

Defendants' sole argument here is conclusory, and Defendants do not respond to Tushbaby's detailed argument as why the '980 Patent's features are different than the Tushbaby Hip Carrier's features. [*See* Mot. at 8–11; Resp. at 2]. Defendants merely say that they "did not have to go to each functional portion and detailedly compare the copyrighted part and corresponding functional claim in the '980 Patent." [Resp. at 3]. While Defendants are correct that they did not have to do so in the counterclaims, they had to do so to respond adequately to Tushbaby's motions to dismiss. Failure to respond to this argument is enough to grant the motions by default. *See Fawcett v. Carnival Corp.*, 682 F. Supp. 3d 1106, 1112 (S.D. Fla. 2023) (Altonaga, J.) ("The failure to respond to arguments regarding claims addressed in a motion to dismiss is sufficient basis to dismiss such claims as abandoned or by default."). All Defendants say in their counterclaims is that features of the Tushbaby Hip Carrier "were claimed as functional in the '980 Patent." [Counterclaims ¶ 8, 12]. Defendants have not explained in any sufficient detail why or how features of the Tushbaby Hip Carrier were claimed as functional in the '980 Patent. Thus, this Court need not accept conclusory legal allegations.

Further, "[a]ny registration . . . of a mark registered on the principal register . . . shall be *prima facie* evidence of the validity of the registered mark[.]" 15 U.S.C. § 1115(a); *see Nailtiques Cosm. Corp. v. Salon Scis., Corp.*, No. 96-cv-2709 -NESBITT, 1997 WL 244746, at *2 (S.D. Fla. Jan. 10, 1997) ("Federal registrations constitute *prima facie* evidence of the validity of the respective marks, Plaintiff's ownership of them, and Plaintiff's exclusive right to use the marks in the United States."). Defendants' only response is that they pleaded that Tushbaby's copyrights were claimed functional in the '980 Patent and that these features are not physically separable and thus not copyrightable. For the above reasons, this Court rejects this argument because the '980 Patent and the Tushbaby carrier are sufficiently different.

Because Defendants have not adequately pleaded that Tushbaby's trade dress should be invalidated, Tushbaby's motions to dismiss Counterclaims I must be granted.

II.     Invalidity of Copyright

To establish copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Just as with trade dress, courts in the Eleventh Circuit apply a presumption of validity to registered copyrights. *See Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010) ("[C]ertificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.") (citing 17 U.S.C. § 410(c)). "Once the plaintiff produces a certificate of registration, the burden shifts to the defendant to establish that 'the work in which copyright is claimed is unprotectable (for lack of originality).'" *Id.* (citing *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996)).

Defendants have failed to show that Tushbaby's copyrights are not protectable and have thus failed to rebut the presumption of validity. *See Olem Shoe Corp. v. Washington Shoe Corp.*, 591 F. App'x 873, 882 (11th Cir. 2015). Defendants' only argument to rebut the presumption of validity is that they pleaded that the features of Tushbaby's copyrights were claimed functional in the '980 Patent and are not physically separable and thus not copyrightable.[3] However, as described above, Defendants' counterclaims merely state a legal conclusion, without factual support, that the Tushbaby Hip Carrier contains features claimed as functional in the '980 Patent. Such legal conclusions in a pleading are insufficient to survive a motion to dismiss.

---

[3]     Defendants cite no law as to why their pleading that features of Tushbaby's copyright are not physically separable means that the Tushbaby cannot be copyrighted. Thus, this Court need not analyze this argument.

Accordingly, because Defendants have not adequately pleaded that Tushbaby's copyrights should be invalidated, Tushbaby's motions to dismiss Counterclaims II are granted.

## CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that the Motions [**ECF Nos. 113, 115**] are **GRANTED.** Defendants' Counterclaims I and II are **DISMISSED without prejudice.** If Defendants choose to file Second Amended Counterclaims, they may do so pursuant to Federal Rule of Civil Procedure 15(a)(2) **no later than February 3, 2025.**

**DONE AND ORDERED** in the Southern District of Florida on January 7, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record