UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TUSHBABY, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ZOOYEE, a Foreign Corporation,<br><br>    Defendant. | Consolidated Case No. 1:24-cv-21136-LEIBOWITZ/TORRES |

**[PROPOSED] FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

THIS MATTER comes before the Court on the Plaintiff's Motion for Entry of Final Default Judgment (the "Motion"). Pursuant to Federal Rule of Civil Procedure 58(a), the Court hereby **ENTERS THIS FINAL JUDGMENT**.

Accordingly, it is **ORDERED and ADJUDGED** that **Final Default Judgment is hereby entered** in favor of the Plaintiff, Tushbaby, Inc. (the "Plaintiff"), and against the Defendant ZOOYEE (the "Defendant") as follows:

(1)    Permanent Injunctive Relief:

The Defendant and its officers, directors, employees, agents, subsidiaries, distributors, and all persons acting in concert and participation with the Defendant are hereby permanently restrained and enjoined from:

    a. Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing and/or using Plaintiff's Copyrights and/or Trade Dress identified in Exhibits 1 and 2 of the Amended Complaint (the "TUSHBABY Copyrights" and "TUSHBABY Trade Dress," respectively) [ECF Nos. 91-1 and 91-2], or any confusingly similar products, other than those actually manufactured or distributed by Plaintiff;

    b. Using the TUSHBABY Copyrights and/or TUSHBABY Trade Dress, or any reproduction, counterfeit, copy, derivative, or colorable imitation thereof, on or in

1

connection with all Internet-based e-commerce stores and Internet websites owned and operated or controlled by Defendant, including the ZOOYEE e-commerce storefront on the Amazon.com marketplace (Amazon Seller ID: AVM743PUP26SJ) (the "Amazon Storefront");

c. Using the TUSHBABY Copyrights and/or TUSHBABY Trade Dress, or any reproduction, counterfeit, copy, derivative, or colorable imitation thereof, in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant;

d. Using the TUSHBABY Copyrights and/or TUSHBABY Trade Dress in connection with the sale of any unauthorized goods;

e. Using any logo, image, video, product design, product name, product description, social media content, and/or e-commerce storefront layout which may be calculated to falsely advertise the services or products of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

f. Falsely representing itself as being connected with the Plaintiff, through sponsorship or association;

g. Engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant are in any way endorsed by, approved by, and/or associated with the Plaintiff;

h. Affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendant as being those of the Plaintiff or in any way endorsed by the Plaintiff;

i. Otherwise unfairly competing with the Plaintiff;

j. Using the TUSHBABY Copyrights, TUSHBABY Trade Dress, and/or TUSHBABY name, or any confusingly similar trademarks or works on e-commerce marketplace sites, domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and from any other form of use of such terms which are visible to a computer user or serves to direct computer searches to e-commerce stores, websites, and/or Internet businesses registered, owned, or operated by Defendant; and

k. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

(2) Additional Equitable Relief

    a. Upon the Plaintiff's request, Amazon.com shall permanently remove any and all listings and associated images of goods bearing infringements of the TUSHBABY Copyrights and/or TUSHBABY Trade Dress via the Amazon Storefront, and any other listings and images of goods bearing infringements of the TUSHBABY Copyrights and/or TUSHBABY Trade Dress associated with Defendant or linked to any other alias seller identification names or e-commerce stores being used and/or controlled by Defendant to promote, offer for sale and/or sell goods bearing infringements of the TUSHBABY Copyrights and/or TUSHBABY Trade Dress; and

    b. Upon the Plaintiff's request, any Internet marketplace website operator and/or administrator who is in possession, custody, or control of the Defendant's goods bearing one or more of the TUSHBABY Copyrights and/or TUSHBABY Trade Dress, including but not limited to Amazon.com, shall permanently cease fulfillment of and sequester those goods, and surrender the same to the Plaintiff.

(3) Damages in favor of Plaintiff pursuant to 15 U.S.C. § 1117(c):

    a. Award the Plaintiff damages of $1,000,000.00 against the Defendant, for which let execution issue, based upon the Court's finding that the Defendant infringed at least one trademark on one type of good. The Court considered both the willfulness of the Defendant's conduct and the deterrent value of the award imposed, and the awarded amount falls within the permissible statutory range under 15 U.S.C. § 1117(c).

(4) All funds currently restrained or held on account for Defendant by all financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon.com, Inc. ("Amazon"), which operates the Amazon.com marketplace, Amazon Payments, Inc. ("Amazon Pay"), and their related companies and affiliates, are to be immediately (within 5 business days) transferred by the previously referred to financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms and by the Defendant, to the Plaintiff and/or the Plaintiff's counsel in partial satisfaction of the monetary judgment entered herein against the Defendant. All financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms, including but not limited to Amazon, Amazon Pay, and their related companies and

affiliates, shall provide to the Plaintiff at the time the funds are released, a breakdown reflecting the (i) total funds restrained in this matter with respect to Defendant; (ii) total chargebacks, refunds, and/or transaction reversals deducted from Defendant's funds restrained prior to release; and (iii) total funds released from Defendant to Plaintiff.

(5)     Interest from the date this action was filed against Defendant shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

(6)     The bond posted by the Plaintiff in the amount of $5,000.00 [ECF No. 15] is hereby ORDERED RELEASED by the Clerk.

(7)     The Court RETAINS jurisdiction to enforce this Final Default Judgment and Permanent Injunction.

ENTERED this ___ day of _____, 2025.

_____
DAVID S. LEIBOWITZ
U.S. District Judge

Copies furnished:
All counsel of record